**FT. WORTH & D. C. RY. CO. v. MATADOR LAND & CATTLE CO., Limited.**

(Court of Civil Appeals of Texas. Amarillo. June 15, 1912. Rehearing Denied Oct. 12, 1912.)

**1. COURTS (§ 489*)—STATE COURTS—JURISDICTION.**

Where the failure of a railroad company to furnish cars requested for an interstate shipment of cattle caused the shipper injury, the right of action, while one which might be removed to the federal courts, falls within the jurisdiction of the state court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1324–1341, 1372–1375; Dec. Dig. § 489.*]

**2. APPEAL AND ERROR (§ 185*)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.**

In an action against a railroad company for injuries caused by its failure to provide cars as requested for an interstate shipment, the failure of the railroad company to question the authority of the lower court to try and proceed with the cause precludes it from raising that question on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1166–1178, 1375; Dec. Dig. § 185.*]

**3. LIMITATION OF ACTIONS (§ 127*)—AMENDMENTS—NEW CAUSE OF ACTION.**

The petition in an action against a railroad company for its failure to furnish cars, as requested, for a shipment of cattle, recited that on September 15th plaintiff made application for cars and facilities to ship the cattle from the station E. to D. en route to Kansas City, and notified the company that the cattle would be tendered on certain days. The action was based on a written notice informing the railroad company of the number of cars needed for the Kansas City shipment, and that the plaintiff would prefer Rock Island cars, but that Santa Fé would do. At the close of the evidence, a trial amendment, reciting that the application for cars in this case was for shipment to the Kansas City market, and that the language of the notice was supplemented by phone and personal conversations, so as not to limit plaintiff's application merely for a shipment to D., was filed. *Held* that, as there was ample evidence that defendant understood a through shipment was desired, the amendment did not state a new cause of action which was barred by the two-year statute of limitations, more than two years having elapsed between the time of the trial and the date of the injury.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

**4. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—PROPOSITIONS.**

Where the propositions under assignments of error purport to be under assignments of numbers different to those under which they appeared to be submitted in the brief, the assignments may be disregarded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**5. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—PROPOSITIONS.**

In an action against a railroad company for injuries caused by its negligent failure to furnish cars for a cattle shipment as per requested, a proposition that the evidence failed to show that the failure of the defendant to furnish the cars requested was the result of negligence on its part cannot be considered where the assignment to which it is subjoined merely recited that the evidence was insufficient to sustain the verdict, in that it did not show defendant guilty of any negligence; the proposition not being supported by the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**6. TRIAL (§ 260*)—INSTRUCTIONS—INSTRUCTIONS COVERED BY OTHERS.**

Where covered by the charge as given, the refusal of a requested charge is not improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

**7. CARRIERS (§ 219*)—CARRIAGE OF LIVE STOCK—CARS—UNJUST DISCRIMINATION.**

Where plaintiff requested defendant railway company to furnish it with Rock Island cars for an interstate shipment of cattle and arranged with the Rock Island Company for it to furnish defendant with sufficient cars for the shipment, defendant cannot excuse its failure to furnish plaintiff with such cars on the ground that to have taken advantage of the Rock Island Company's proffer would have worked an unjust discrimination against other shippers whose requests for Rock Island cars were before plaintiff's; it being apparent that the Rock Island Company would furnish its cars only for plaintiff's use, and not for ordinary use.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 950, 951; Dec. Dig. § 219.*]

Appeal from District Court, Hartley County; D. B. Hill, Judge.

Action by the Matador Land & Cattle Company, Limited, against the Ft. Worth & Denver City Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Del W. Harrington and Clifford Braly, both of Dalhart, J. M. Chambers and Spoonts, Thompson & Barwise, all of Ft. Worth, for appellant. Cowan & Burney, of Ft. Worth, and P. B. Cox, of Wichita Falls, for appellee.

GRAHAM, C. J. This appeal is from a verdict and judgment rendered in the district court of Hartley county in a suit filed by appellee as plaintiff against appellant as defendant for the recovery of $10,436 damages, alleged to have been sustained by reason of unreasonable delays in furnishing cars upon requests by appellee for the shipment of certain cattle from stations of Estelline and Murdo on appellant's line of road in Texas to Kansas City in the state of Missouri; verdict and judgment having been rendered below for the sum of $4,800. Appellant pleaded in defense a general denial,

contributory negligence, and a car shortage throughout the country by reason of which it was in the exercise of ordinary care unable to get and furnish the cars at an earlier date than it did furnish them. It also pleaded the two-year statute of limitations as a bar to appellee's recovery. The record shows that appellee's original petition was filed on August 27, 1908, containing the following allegations among others: "That on or about October 1, 1907, plaintiff made application to the defendant and its agents at Channing, Tex., and otherwise, for cars and facilities for the shipment of said cattle above named, which were located on plaintiff's ranch near Murdo, advising the defendant that cars and a train were wanted in which to ship the said cattle from the station of Murdo to Dalhart on defendant's line of railway, en route to Kansas City, and that said cattle would be tendered for shipment on October 15, 1907. * * * That on or about September 15, 1907, the plaintiff made application to the defendant and its agents at Estelline, Tex., and otherwise, for cars and facilities for the shipment of said cattle above named which were located on plaintiff's ranch in Motley county, advising the defendant that cars and two trains were wanted in which to ship the said cattle from the station Estelline to Dalhart, en route to Kansas City, and that said cattle would be tendered for shipment on the 5th or 6th of October, 1907. * * * That for 20 years defendant had known that plaintiff must in the fall of the year ship large numbers of cattle to market. * * * That on the dates named the plaintiff owned 1,104 head of high grade cattle (the cattle in controversy) on its ranch in Motley county, which it desired to ship from Estelline over defendant's line of railway and connecting carriers to Kansas City, there to be sold on the market. * * * That on or about September 15, 1907, the plaintiff made application to defendant and its agents at Estelline, Tex., and otherwise, for cars and facilities for the shipment of said cattle above named, advising the defendant that cars and two trains were wanted in which to ship the said cattle from the station of Estelline to Dalhart, en route to Kansas City. That the Chicago, Rock Island & Pacific Railway system was the connecting carrier at Dalhart, and the Atchison, Topeka & Santa Fé Railway was the connecting carrier at Washburn in reaching Kansas City, and plaintiff was willing that the said cattle might be transported by either of the said routes to Kansas City. The defendant was therefore fully advised of the intent and purpose of the plaintiff with reference to said cattle and said orders for cars were accepted. * * * That on November 11th and 12th said cattle were loaded at Estelline and transported via Dalhart to Kansas City. * * * That if said cattle had been ship-

ped promptly on the date for which the cars were ordered they would have reached Kansas City in better condition. * * * "

The cause proceeded to trial below on appellee's original petition and appellant's first amended answer, and, after both parties had closed as to the introduction of evidence, appellant move the trial court to withdraw and exclude from the consideration of the jury all the evidence of appellee showing that it had ordered cars for shipment from Estelline and Murdo to Kansas City, on the ground that appellee had alleged a request for cars for shipment to Dalhart, Tex., instead of to Kansas City, Mo., which motion was overruled, whereupon appellee, with the consent of the trial court, filed a trial amendment, reading as follows: "Comes now the plaintiff, and with leave of the court files this, its trial amendment, and amends and supplements its original petition, and says that the application and notices for cars in this case were in each case for shipment to the Kansas City market, and as to the Estelline shipment the application was by letter of date September 15, 1907, which has since its date been in the hands of defendant until produced under notice to do so at the trial; that plaintiff did not remember the exact language of said notice, and, in fact, it was supplemented by phone and personal conversation with defendant's agents, and that thereby defendant was fully advised that the plaintiff preferred that said shipment be routed via Dalhart and the Rock Island Railway, the Santa Fé being the only other practicable and available route, and that, at all events, the shipment was to be made to Kansas City, and that the orders for cars were made to conform to this idea and were worded accordingly. The application and notice in the Murdo shipment was oral, but was substantially to the same effect and was for cars for a shipment via Dalhart as a matter of preference and on to Kansas City. The application for the Estelline shipment was dated September 15, 1907, and was for 17 cars for October 5th and 17 cars for October 6, 1907, and the application for the Murdo shipment was made on October 1, 1907, for 16 cars for October 5, 1907, and was afterwards reduced to 11 cars, and the number ordered, to wit, 39, were loaded at Estelline in the final shipment of the cattle. While the letter application designated the cars preferred as Rock Island cars this was only intended as a designation of the way it was desired to route the cattle, and plaintiff was not intending to define ownership of the cars, and simply wanted cars to go by that route, and it was not intended to limit the defendant in the kind or class of cars and the application was by defendant so construed. Plaintiff may have also perferred the cattle to go through in the same cars, but wanted them shipped out promptly, even if they had to be chang-

ed into other cars at connecting point. This trial amendment is filed in response to the motion to strike out all evidence as to application for cars because it is claimed that the allegations in original petition are so narrow as to allege that the applications were for cars to ship to Dalhart only, and not via Dalhart to market at Kansas City as the route preferred as is here now alleged." The same was filed February 28, 1911, much more than two years after the cause of action sued on had accrued. On the same day, appellant filed and urged his motion to strike out said trial amendment, for reasons, among others, that it set up a new cause of action. This motion being by the trial court overruled, appellant procured leave of the court to file, and did file, its answer to appellee's cause of action as set up in said original petition and in said amendment, in which answer, among other things, the statute of limitations of two years was pleaded as a bar to appellee's cause of action as set up in said original petition as changed by said trial amendment.

[1] A motion was filed in this court on January 23, 1912, by appellant, to reverse and dismiss this cause, based on the contention that the record shows that the cause of action grew out of an interstate shipment, and was therefore such a cause of action as could be maintained only in the federal courts, or before the Interstate Commerce Commission. We are inclined to the opinion that the cause of action is one that might have been removed to the federal court if application so to do had been filed and urged within the proper time, but we do not concur in the contention that the cause of action is one over which the state court had not jurisdiction, and, as appellant saw fit to submit to the jurisdiction of the trial court and try the cause upon its merits in the state court without any objection to the jurisdiction of said court or making any effort to remove the cause to the federal court, as provided by law in such cases, we hold that appellant has waived its right to have this litigation adjudicated in the federal court, and we also hold that the state court had jurisdiction to try and dispose of the case at the time and under the circumstances that it did.

[2] The record fails to show that any question was raised as to the trial court's power or authority to try and dispose of the cause or that appellant preferred that the litigation be tried in the federal courts until the motion above mentioned was filed in this court, which was long after the record had been filed in this court and long after briefs for both parties had been filed herein. For reasons stated, the motion to dismiss will be overruled.

[3] Appellant submits this case in this court on four assignments of error, noticed below. Under appellant's first assignment,

which is as follows: "The court erred in refusing to instruct the jury to return a verdict for the defendant as requested by defendant's special charge No. 8, filed herein" —but one proposition is submitted, it being as follows: "More than two years having elapsed after the accrual of the cause of action, as shown by the pleadings and the evidence, before the filing of any pleading by appellee, seeking a recovery upon the cause of action set up by appellee in its trial amendment and submitted to the jury by the court, and the appellant having pleaded the two year statute of limitation as a defense to the said action, and appellee having filed no reply to such defense, and there being nothing shown that would prevent the running of the statute of limitation against the right of action so pleaded and submitted to the jury, the court erred in refusing to submit to the jury the said special charge No. 8, requested by appellant." In so far as appellant's contention bears upon the shipment from Estelline, it relies largely upon a written order for the cars, which reads as follows: "Matador, Texas, Sept. 15, 1907. The Agent Ft. Worth & Denver Ry., Estelline, Texas—Dear Sir: We wish to ship from Estelline on the 5th and 6th of October, 17 cars on each day, 34 cars in all, for Kansas City. We would prefer Rock Island cars but if not obtainable, Santa Fé would do. Please let us know if you think the cars will be there. Yours truly, A. G. Ligertwood. We already have an order in for three cars for next Saturday for K. C." The statement of facts shows that Ligertwood testified, in substance, that he wrote the letter above copied and also wrote another similar letter to defendant company about the same time, addressed to the train dispatcher at Childress, applying for the same cars, and that the substance of the letter was an application for 17 cars for the 5th and 17 cars for the 6th of October, and indicating that he wanted them to go to Kansas City, and that he afterwards saw the order on the dispatcher's books and discussed it with him. There is ample testimony to show that the proper officers of the appellant company understood from the orders given for the cars that appellee desired them for a through shipment, and that, in so far as the suggestion was made in the order that Rock Island or Santa Fé cars were desired, appellee meant and appellant so understood that he referred to the route of the shipment, and not to the initials or ownership of the cars in which the stock were to be shipped. In other words, the order, as construed in the light of the testimony introduced on the trial, we think is not susceptible of the construction that the order was for local cars or cars in which to transport the cattle alone from the initial point of shipment to Dalhart. Believing that the trial amendment did not have the effect of setting up a new

cause of action, appellant's first assignment will be overruled.

[4] As each proposition submitted under appellant's second, third and fourth assignments purports to be under assignments of numbers different to those under which they appear to be submitted in the brief, we feel that we would be warranted under the rules in declining to consider either of said assignments, but, believing that this condition has resulted from an inadvertence and as the matter has not been complained of by appellee, we will dispose of the assignments as if the propositions found in the brief purported upon their face to be submitted under the appropriate assignments.

[5] Under appellant's second assignment, which is as follows: "The court erred in refusing to grant a new trial herein upon the ground set forth in the first subdivision of the motion for a new trial filed herein by this defendant, same being upon the ground that the evidence was not sufficient to warrant or sustain the verdict, in that the evidence showed that the defendant was not guilty of any negligence causing the loss and damage alleged by plaintiff, in that the evidence showed that plaintiff's right of action, as made by its original petition and trial amendment, was barred by limitation"—it submits two propositions, one being as follows: "The allegations being to the effect and the evidence without conflict showing that more than two years had elapsed after the accrual of appellee's cause of action before suit was brought thereon, and nothing being alleged or shown that would prevent the running of limitation against the action, limitation having been set up as a defense, the court should have set aside the verdict and judgment rendered upon the ground that the right of action was barred."

What we have said in disposing of appellant's first assignment necessarily results in our overruling this proposition under the second assignment. The other proposition under the second assignment is as follows: "The evidence fails to show that the failure of appellant to furnish the cars requested by appellee at an earlier date than they were furnished was a result of any negligence on the part of appellant, but, on the contrary, showing as it did that no effort on the part of appellant would have enabled it to furnish the cars earlier, the court should have granted a new trial." An inspection we think of the second assignment will show that no such question as is sought to be raised under this proposition was in any way suggested in the assignment under which the proposition is submitted. We are of the opinion, however, that there is evidence in the record from which a jury was warranted in finding that the injuries sustained by appellee resulted from the negligence of appellant in the particular complained of or suggested in this proposition.

For the reasons given, appellant's second assignment will be overruled.

[6, 7] Under appellant's third assignment, which is as follows: "The court erred in refusing to instruct the jury as requested by defendant's special charge No. 7, filed herein"—but one proposition is submitted, as follows: "Appellee having requested appellant to secure for it Santa Fé or Rock Island cars for the shipments from Estelline, and not having made a request for the cars of any other line and such request having been made on September 15, 1907, and the evidence showing that appellant endeavored to secure such cars, appellant was entitled to have the jury instructed that, if it was not negligent in its efforts to secure the cars as requested, then as to the Estelline shipments no recovery could be had." This special charge referred to is as follows: "If you find and believe from the evidence that the defendant after September 15, 1907, used such care and diligence as a reasonably prudent person, under the circumstances, would have used to procure Rock Island or Santa Fé cars to fill the request of plaintiff for cars to load at Estelline, and if by the use of such care and diligence, if it exercised such, it was unable to secure cars of either of said lines at any earlier date than it secured cars for such Estelline shipments, without agreeing to give plaintiff a preference in the use of such cars over prior orders, then plaintiff cannot recover for any loss or damage sustained by reason of the delay of the Estelline shipment." In so far as this special charge was applicable to the duty of the company to procure cars of any kind in order to move the shipment, the court, in his main charge, fairly submitted the issue. The record shows that appellant contended that it understood the order for cars to be confined to those belonging to the Rock Island or Santa Fé Railway, and, relying upon this construction of the order, it sought to escape liability on the ground of being unable by its efforts to procure such cars. There is evidence found in the record, however, sufficient to support the conclusion that appellee, through its agent, arranged with the Rock Island Railway Company for the use of a sufficiency of its cars to handle the shipment, and that some were placed subject to the use of the appellant company for handling appellee's shipment, but, as the record also tends to show that appellant had prior to the placing of the orders by appellee received orders for cars in which to handle shipments for other persons, it could not accept the proffer made by appellee and the Rock Island road without violating the statute preventing unjust discriminations.

As the testimony is sufficient to warrant the conclusion that as a result of the efforts of appellee the Rock Island Railway Company saw fit to permit the use of its cars by the Denver road to handle appellee's

shipments and not for general use, we think that the appellant company was not justified in refusing to use the cars so tendered for the purposes and under the circumstances indicated by this record, and think we are amply supported in this conclusion by the opinion of the court in the case of Texas & Pacific Railway Company v. Shawnee Cotton Oil Company et al., 55 Tex. Civ. App. 183, 118 S. W. 776, in which we think the same doctrine was announced as is here announced by us, and the Supreme Court in that case refused a writ of error. Because we think that, in so far as the requested charge contained the law applicable to this case, the issue was properly submitted to the jury by the court in his main charge, appellant's third assignment will be overruled.

As appellant's fourth assignment of error is based upon the proposition that it could not be held guilty of negligence for failure to accept and use the cars of the Rock Island Railway Company for the purposes and as indicated in this opinion in disposing of the third assignment, the conclusion reached by us in disposing of that assignment necessarily results in our overruling appellant's fourth assignment.

Believing that the trial court had the power and jurisdiction to try and dispose of the case and appellant having failed to point out any reversible error in its brief, the judgment of the trial court will be affirmed, and it is so ordered.