**WALTON v. THOMAS.**

No. 11741.

Court of Civil Appeals of Texas. Dallas.
June 22, 1935.

540

Leo R. Tresp, of Dallas, for appellant.

Baskett & Parks and G. Q. Youngblood, all of Dallas, for appellee.

LOONEY, Justice.

A. P. Thomas sued I. Walton to recover $700, as brokerage for services rendered in bringing together defendant and J. J. Easley, with whom defendant consummated an exchange of lands. On trial without a jury, the court rendered judgment in favor of plaintiff against defendant for $100, from which this appeal was taken.

The verbal contract sued upon was proven in all respects as alleged, except as to the matter of compensation. Plaintiff alleged that he was to be paid for his services 2½ per cent. of $28,000, the exchange valuation of the property, or $700; whereas, the court found and the proof justified the finding that the agreement was for $100.

█ The contention of defendant that the court below was without jurisdiction is overruled. This question was not raised by pleading in the lower court.

█ The contention that the variance between the allegation and proof presents reversible error is also overruled. A variance to be fatal must be of a substantial nature, misleading, and prejudicial. The rule is as announced in 33 Tex. Jur. 664, 665, § 197, as follows: "The rule that restricts the evidence to what is foreshadowed by the pleadings rests on the sound principle that it is unfair to try a case on issues of fact of which a party has had no intimation, and this basic principle may be said to connote the limits of its application. To be fatal, a variance must be a substantial, misleading and prejudicial departure. Or, as announced by a learned judge, 'To determine whether or not a pleading presents a certain issue, it is a safe rule to look at the pleading from the standpoint of the party against whom it is exhibited, and ascertain if the allegations are sufficient to notify him that the evidence offered will be produced, or that he will be called upon to present evidence to meet it.' Where a party is not taken by surprise by the evidence introduced, an objection to the reception of evidence for variance may, with propriety, be overruled. In considering whether the evidence is authorized by the pleading, a liberal rule of construction is applied."

As defendant was notified by the pleading that a fee of $700 was claimed, we fail to understand how he was surprised or misled to his prejudice by proof that the fee agreed upon was only $100.

Finding no error in the record, the judgment below is affirmed.

Affirmed.