Bernhard B. GOLDMAN, Appellant,

v.

STATE of Texas, Appellee.

No. 6405.

Court of Civil Appeals of Texas.

Amarillo.

April 26, 1954.

Rehearing Denied May 24, 1954.

Jules F. Mayer, Dallas, for appellant.

Henry Wade, Dist. Atty., Dallas, for appellee.

PITTS, Chief Justice.

This is an appeal from a summary judgment cancelling and revoking the medical license of appellant, Bernhard B. Goldman, as a result of his having been convicted in the Federal Court of violating what is commonly known as the Harrison Anti-Narcotic Act, 26 U.S.C.A. §§ 2550 et seq., 3220 et seq., such offense being of the grade of a felony for which a fine of $5,000 was assessed and duly paid by him. The action was instituted on February 21, 1951, against appellant in his home county of Dallas in the name of the State of Texas by the District Attorney of Dallas County at the request of the Texas State Board of Medical Examiners duly made on November 10, 1950, after appellant had personally appeared before the said Board for a hearing at which evidence was presented concerning the same issues here under consideration. The State of Texas filed its verified petition, together with a certified

copy of judgment of conviction and a return showing the fine paid and a copy of the Grand Jury indictment containing twelve separate counts of a similar nature, all attached to the petition as exhibits and made a part thereof. On July 19, 1951, appellant filed his verified first amended original answer containing certain exceptions, a general denial and specifically denying the charges set forth in the Grand Jury indictment. Thereafter and before a judgment of conviction was rendered, the 53rd Texas Legislature amended a part of the Medical Practice Statutes by approving H. B. No. 254, known as Chapter 426, Page 1029 of the General and Special Laws passed by the Regular Session of the said Legislature and the same became effective on June 13, 1953. Article 4506 was there amended giving the State Board of Medical Examiners the initial authority to conduct such hearings and in a proper case to cancel, revoke or suspend a medical license with a right of appeal given to any district court of the county of the losing party's residence upon his giving proper notice and pursuing his remedy further, whereas the provisions of the said Article before amendment vested the original right for such a hearing in the district court upon the request of the State Board of Medical Examiners as was done in the case at bar. The said amendment did not change or in any manner affect Article 4512, which authorizes a district court to suspend or revoke the medical license of a physician, surgeon or osteopath if he be found guilty of any fraudulent or dishonorable conduct.

On October 3, 1953, the State of Texas acting under the provisions of Rule 169, Texas Rules of Civil Procedure, requested appellant in writing to make admissions to certain inquiries therein made concerning his medical license and his conviction in the Federal Court at Dallas, Texas, on May 24, 1948, of having violated Section 2554(a), Title 26, Internal Revenue Code, United States Code Annotated, for which conviction he was assessed a fine of $5,000, which fine he paid, to which request a certified copy of the judgment of conviction and a return showing the fine paid in full on May 28, 1948, were attached. On October 5, 1953, appellant answered under oath the inquiries made and filed the same for record the next day. He there answered that a Texas Medical License No. B3700 was issued to him on November 22, 1934, and that the same was recorded in Volume 9, Page 36 of the Medical Records of Dallas County, since which time appellant had practiced medicine in Dallas County, Texas, and such license had not been theretofore revoked. Concerning the inquiries about his having been indicted by Federal Grand Jury and having been convicted of having violated the Narcotic Laws, his answers were evasive, either he refused to affirm or deny the request made or gave uncertain answers to the questions. However, in answer to a question of whether or not he was convicted in the Federal Court of Dallas on May 24, 1948, of having violated the Narcotic Law, he answered as follows:

"Defendant says that at one time, the date he does not recall, he was indicted in Federal Court at Dallas with some form of violation of the Narcotic Law. That by permission of the Court he entered a plea of Nolo Contendere. The Court accepted such Plea and entered a fine, the exact amount this Defendant does not recall, but his best recollection is that it was $3,000.00."

Upon being next asked about the amount of the fine assessed against him by reason of the conviction, he replied:

"Defendant says that upon his Plea of Nolo Contendere in Federal Court, the exact date he does not remember, a fine was entered against him and as he has stated before his best recollection is, it was $3,000.00 and not $5,000.00."

Appellant further stated that the charges made in the erroneous indictment were false and that he was not guilty. At no time did he deny being convicted or paying the fine. In effect he admits in his brief that he paid a fine. A certified copy of the judgment reveals that appellant was

"convicted" and was found "guilty as charged" and he was "sentenced to pay a fine of five thousand ($5000.00) dollars." The "Return" of J. R. Wright, United States Marshall, shows a fine of "$5000 paid on 5–26–53 in Dallas, Texas, to United States Clerk" in the said cause.

On October 8, 1953, the State of Texas filed its motion for a summary judgment, alleging the facts previously pleaded and heretofore discussed herein, particularly the admissions made under oath by appellant and filed for record by him, together with the contents of an affidavit of Warren A. Heddens, Agent of the Federal Bureau of Narcotics, attached to the said motion and made a part thereof, all in support of the said motion. In his affidavit Heddens stated he was present in Federal Court when appellant was convicted and assessed a fine of $5,000 upon the Grand Jury indictment containing 12 counts of narcotic violations and heard appellant's plea of "nolo contendere" to the charge when called for trial.

On October 8, 1953, the motion for summary judgment was set by the trial court for a hearing to be held on October 19, 1953, and notice thereof was given to appellant's attorney. The same was accordingly heard by the trial court on the date set with all parties present and without appellant having filed any answer to the motion of the State of Texas. However, appellant did ten days later on October 29, 1953, file a verified answer to the motion of the State of Texas. The trial court's judgment entered on November 3, 1953, recites that on the date of the hearing all pleadings then on file were considered, together with exhibits attached thereto, the admissions of appellant made under oath, the affidavit attached to the said motion and the briefs submitted by the parties, and the trial court then concluded that no genuine issue as to any material fact existed, for which reason judgment was rendered sustaining the motion for summary judgment, thus cancelling and revoking the medical license of appellant. An appeal was perfected to the Dallas Court of Civil Appeals and the same was transferred to this court by the Supreme Court in equalizing the court dockets.

▇ Appellant has for the first time on appeal challenged in his first four points the jurisdiction of the trial court on the grounds that Article 4506 was amended by the Legislature after the alleged cause of action arose and was filed but before judgment was rendered therein. We think a question of jurisdiction can be properly raised for the first time on appeal but it cannot be sustained unless there is a logical sound reason for sustaining it.

▇ In the case at bar the State of Texas exercised the right to rely upon all of the existing statutes for the relief sought. It is our opinion that provisions of Article 4512 effective continuously since 1905 gave the trial court jurisdiction and sustained its judgment if and when it was conclusively shown that appellant had been found guilty of "fraudulent or dishonorable conduct". Surely a physician, or a "Doctor of Osteopathy", which appellant claims himself to be, convicted on a plea even of "nolo contendere" of having violated the Narcotic Laws as charged in an indictment containing 12 separate counts certainly must have been guilty of "fraudulent or dishonorable conduct". We believe the provisions of Article 4512 gave the trial court jurisdiction over the subject matter and fully supports its judgment. However, the Legislature did not repeal Article 4506 in 1953. Neither did it divest the district court of jurisdiction in finally trying such cases as are here presented. It merely changed the procedure authorizing the State Board of Medical Examiners to hear the original charge while the district court was given authority to hear an appeal perfected therefrom. This amendment did not attempt to divest the district court of its jurisdiction to hear such cases filed and prosecuted under the general provisions of the law governing such matters. Neither does the language contained in the amendment attempt to give the State Board of Medical Examiners the exclusive right to first hear such cases. The amendment says such Board "shall

have the right to cancel, revoke, or suspend the license" of any practitioner found guilty of violating the law as set forth in that Article. In the case at bar, if we eliminate the provisions of Article 4512 and look only to the provisions of Article 4506 as amended for authority to support the trial court's judgment, the letter of the amended Article 4506 was not strictly followed in the full proceedings had, but according to the record presented, the provisions of the amended Article were substantially followed. According to the record the charges here presented were first heard by the Board of Medical Examiners after appellant was given notice to appear before the said Board to show cause why his license should not be revoked. He did there appear and testimony was heard by the Board, which thereafter and as a result of such hearing requested that the Dallas District Attorney file these proceedings, as a result of which such was done.

It appears that appellant has here raised for the first time on appeal a procedural matter rather than a jurisdictional question. In the case of Lewis v. Texas Employers' Ins. Ass'n, 151 Tex. 95, 246 S.W.2d 599, 600, the Supreme Court said:

"Ordinarily a procedural error must be preserved by timely action by the party complaining. This is true because a trial judge can usually correct his procedural errors if they are brought to his attention."

The jurisdiction of the trial court was sustained under a similar attack in each of the following cases: Elliott v. Elliott, Tex.Civ. App., 208 S.W.2d 709; Walton v. Thomas, Tex.Civ.App., 84 S.W.2d 539; Fort Worth & D. C. R. Co. v. Matador Land & Cattle Co., Tex.Civ.App., 150 S.W. 461.

But, be that as it may, the record reveals that this alleged action arose long before Article 4506 was amended, and that the parties had joined issues by pleadings timely filed some two years before the amended Act became effective, but the issues had not been finally disposed of by judgment rendered. In the case of National Carloading Corporation v. Phoenix-El Paso Express, 142 Tex. 141, 176 S.W.2d 564, 568, cited and relied on by appellant, the Commission of Appeals, with the approval of the Supreme Court, said concerning a situation such as the one here presented:

"Of course, in each instance the status of the action or claim depends upon the legislative intent, to which question we shall now address our attention.

"We recognize the general rule that a statute shall not be given retroactive effect unless such construction is required by explicit language or necessary implication."

Such rule has long been observed. State v. Humble Oil & Refining Co., 141 Tex. 40, 169 S.W.2d 707; Blakely v. Commercial Union Assur. Co., Tex.Civ.App., 160 S.W. 443; Mills County v. Lampasas County, 90 Tex. 603, 40 S.W. 403; Rockwall Co. v. Kaufman Co., 69 Tex. 172, 6 S.W. 431; 39 Tex.Jur. 160, Sec. 87.

■ The language used by the Legislature in amending Article 4506 nowhere explicitly or by implication shows an intention to make such amended Act retroactive. In fact, a careful examination of the language there used reveals that the contrary is shown. It says: "The Texas State Board of Medical Examiners *shall* have the right to cancel, revoke, or suspend the license of any practitioner of medicine * * *. Proceedings under this Article *shall* be begun by filing charges with the Texas State Board of Medical Examiners in writing and under oath. * * * Any person * * * may * * * take an appeal to any of the district courts * * *. The proceeding on appeal *shall* be a trial de novo * * *." (Emphasis ours.) The word "shall" used so often therein is an auxiliary verb indicating future tense. Webster's New International Dictionary, Second Edition, unabridged. For the reasons stated it is our opinion that the language of the amended statute, Article 4506, shows legislative intent that the amendment should operate prospective-

ly only and should not defeat pending proceedings.

Since the proceedings herein presented had already been instituted at the request of the Board of Medical Examiners and the appellant had already appeared and answered, long before the amended statutes had been enacted, it is our opinion that the trial court had the right to rely upon the provisions of Article 4506 before amended for its jurisdiction, regardless of the provisions of Article 4512, which we think unquestionably also gave jurisdiction to the trial court. It has been held that procedural statutes will not be so applied as to defeat procedural steps completed before their enactment and certainly not unless such enactments specifically so state. Blakely v. Commercial Union Assur. Co., supra; City of Fort Worth v. Morrow, Tex.Civ. App., 284 S.W. 275 (writ refused); Hope Oil Corporation v. Humble Oil & Refining Co., Tex.Civ.App., 43 S.W.2d 272; Walker v. Lyles, Tex.Civ.App., 45 S.W.2d 315, affirmed 124 Tex. 38, 72 S.W.2d 1113. If appellant's contentions were sustained, the State of Texas would be required to refile its proceedings and would, in that event, probably be deprived of its asserted rights and remedies because appellant would doubtless file his plea of limitation thereto, whereas the proceedings as filed were filed well within the limitation period.

█ It is our opinion that the trial court had jurisdiction over the parties and over the subject matter of the litigation and no fundamental error has been presented. Whether one special statute, such as Article 4506, or another statute on the same subject matter, such as Article 4512, would operate upon the particular facts, to limit the court in exercising its jurisdiction, is a question which should have been raised originally, according to the authorities cited, in the trial court. Otherwise, errors made by the trial court, if any, in exercising such jurisdiction have been waived. It is a settled rule of statutory interpretation that statutes which deal with the same general subject and have the same general purpose, as do Articles 4506 and 4512, are considered as "in pari materia" and must be harmonized, if possible, so as not to destroy the effect of either. 39 Tex.Jur. 253–257, Sec. 135. For the reasons stated it is our opinion that appellant's points 1, 2, 3 and 4 should be overruled.

█ Appellant further contends that a Federal Court judgment based upon a plea of "nolo contendere" cannot constitute a conviction upon which a suit for revocation of a medical license can be maintained. As previously stated appellant was convicted as charged in a 12-count indictment upon his plea of "nolo contendere" and sentenced to pay a fine of $5,000, which the record conclusively shows he paid. The punishment for conviction of a single violation of the Harrison Narcotic Act under the Federal Code is a fine of not to exceed $2,000 or imprisonment for not more than five years or both. Appellant was convicted under an indictment containing 12 counts. His conviction was therefore a felony under both the Federal Code and the Texas law. 18 U.S.C.A. § 1; Bowers v. State, 155 Tex.Cr.R. 401, 235 S.W.2d 449; Article 47, Tex.Penal Code.

█ Appellant's contention here made that a conviction in the Federal Court upon a plea of "nolo contendere" cannot and does not furnish a legal basis for revocation of his medical license is wholly refuted by an opinion in a similar case handed down by the Commission of Appeals and adopted by the Supreme Court in the case of State v. Estes, 130 Tex. 425, 109 S.W.2d 167, except that Estes was disbarred as a lawyer. The accused there contended that his plea of "nolo contendere" to a Federal Court charge could not support a judgment of conviction such as would disbar him as a lawyer. The court there held, in effect, that a conviction is not restricted because of any kind of a particular plea of the accused. Since the judgment in evidence showed him convicted, such was sufficient as a basis for disbarment. Appellant's fifth point is overruled and we also cite the case of Speer v. State, Tex.Civ.App., 109 S.W.2d 1150, writ dismissed.

In his sixth point appellant contends that apparent issues of fact existed for which reason he further contends that the trial court was not justified in rendering a summary judgment. Appellant has not pointed out any apparent issues, however, upon which he relies for the relief sought.

The State of Texas filed its verified petition at the request of the Texas State Board of Medical Examiners seeking a revocation of appellant's alleged medical license because of his felonious conviction in the Federal Court as charged on May 24, 1948. A certified copy of the Federal Court judgment of conviction upon a plea of "nolo contendere", a return showing a fine of $5,000 collected from appellant, and of the Grand Jury indictment containing 12 counts of narcotic violations supporting the conviction were attached as exhibits to the State's petition and made a part thereof. Appellant answered and joined issues with the State. Upon request for admissions filed by the State, appellant admitted under oath that he was a practicing physician in Dallas, Texas, with a valid license, but he would neither admit nor deny the validity of the Federal Court judgment and he could not say whether or not he was the same person named in the said judgment; but he admitted he had been indicted for violation of the Narcotic Laws and had entered a plea thereto of "nolo contendere"; that the court accepted such plea and imposed a fine of $3,000, as he remembered it, against him. The State of Texas filed its motion for a summary judgment alleging that the pleadings, documents, admissions of appellant, together with the affidavit of Warren A. Heddens attached to the motion asserting under oath that he was present in court, saw appellant, who was the same person named in the indictment and judgment of conviction, and heard his plea and the court's judgment and sentence pronounced upon the charges presented, for which reason the State sought a judgment as a matter of law.

█ The only material issues to have been determined were whether or not ap-

pellant possessed a valid medical license and whether or not he had been convicted of a felony. Under the record presented and the authorities cited, it is our opinion that these issues were conclusively established against appellant's contention. Both the record as well as his own admissions made under oath so show. All of appellant's points to the contrary are therefore overruled and the judgment of the trial court is affirmed. Fonville v. Southern Materials Co., Tex.Civ.App., 239 S.W.2d 885; Arlington Heights Appliance Co. v. Gordon, Tex.Civ.App., 244 S.W.2d 337.

Affirmed.