

# The Attorney General of Texas

January 12, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas 78701

Honorable Jess M. Irwin, Jr.
Commissioner
Texas Rehabilitation Commission
7745 Chevy Chase Drive
Austin, Texas 78752

Opinion No. H- 1114

Re: Payment of insurance premiums
of retired employees.

Gentlemen:

You inquire whether your respective agencies have statutory authority to pay the full cost of group life and health insurance premiums for former employees retired under the Teacher Retirement Act. You direct our attention to article 3.51-5, enacted in 1975, which provides in part:

> The costs of group life and health insurance premiums to persons retired under the Teacher Retirement Act, who at the time of their retirement were employed by the Texas Central Education Agency, the Texas Rehabilitation Commission . . . shall be fully paid from the funds of such agency . . . .

Ins. Code art. 3.51-5(a); Acts 1975, 64th Leg., ch. 408, at 1062.

Article 3.51-5 of the Insurance Code must be read together with other legislation on insurance for retired employees. Article 3.50-2 of the Insurance Code provides for life, accident and health insurance for State employees. "Employee" includes

> an employee who is retired or retires and is an annuitant under the jurisdiction of the Teacher Retirement Sytem of Texas . . . whose last employment with the state prior to retirement was or is as an employee of . . . the Texas Rehabilitation Commission, the Central Education Agency . . . .

Ins. Code art. 3.50-2, § 3(a)(5)(A)(i); Acts 1977, 65th Leg., ch. 797, § 2, at 1996. Active and retired employees are to be included in the group insurance plan established under article 3.50-2. Sec. 5, 13. Section 14, as amended in 1977, provides for payment of the State's contribution to the insurance premiums:

> Payment of Premiums. (a) The State of Texas shall contribute monthly to the cost of each insured employee's group insurance such amount as shall be appropriated therefor by the legislature in the General Appropriations Act. A like amount for each employee shall be appropriated by the governing board of state departments in their respective official operating budgets if their employees are compensated from funds appropriated by such budgets rather than by the General Appropriations Act.

Acts 1977, 65th Leg., ch. 797, § 8, at 1998. Thus any agency, whether its funds derive from appropriations or from other sources, must contribute the amount set out in the General Appropriations Act. The current act limits the contribution to not more than fifteen dollars per active or retired employee per month. General Appropriations Act, Acts 1977, 65th Leg., ch. 872, art. III, at 64.

Statutes which deal with the same subject, as do article 3.50-2, section 14, and article 3.51-5, are in pari materia and must be harmonized, if possible. Goldman v. State, 277 S.W.2d 217 (Tex. Civ. App. -- Amarillo 1954, writ ref'd n.r.e.). Where they conflict, article 3.50-2, section 14 prevails as the latest expression of Legislative intent. Berger v. Kirby, 140 S.W. 334, 336 (Tex. 1911); see also V.T.C.S. art. 5429b-2, § 3.05(a).

In our opinion the statute authorizes the Rehabilitation Commission and the Education Agency to contribute on behalf of retirees only the amount of money stated in the appropriations act, which is limited under the present act to not more than fifteen dollars per month.

We do not believe article 3.51-5 can be held to prevail as a more specific statute controlling over a general statute, since both article 3.51-5 and article 3.50-2 expressly apply to former employees of your agencies retired pursuant to the Teacher's Retirement Act. See Trinity Universal Ins. Co. v. McLaughlin, 373 S.W.2d 66 (Tex. Civ. App. -- Austin 1963, no writ). Indeed, the caption to the 1977 amendment to section 14 of article 3.50-2 of the Insurance Code specifically indicated that the bill was designed to equalize the employer's share of premium payment. In our opinion, your agencies lack the authority to pay in full the insurance premiums of the stated retirees when the Legislature has directed in the appropriations act that the contribution be limited to a lesser amount.

## SUMMARY

The Education Agency and the Rehabilitation Commission may not pay the full cost of group and health insurance

Honorable M. L. Brockette
Honorable Jess M. Irwin, Jr. - Page 3 (H-1114)


premiums for certain retired employees where the Appropri-
ations Act, pursuant to article 3.50-2, section 14, of the
Insurance Code, has limited the agency's contribution to a
lesser amount.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst