

# The Attorney General of Texas

April 23, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Donald R. Ross
Rusk County Attorney
Rusk County Courthouse
Henderson, Texas 75652

Opinion No. MW-14

Re: Salary of county school superintendent in county which has adopted county unit system.

Dear Mr. Ross:

You request our opinion on the construction of sections 17.51 and 18.30 of the Education Code. You wish to know whether the salary schedule set out in section 17.51 limits the salary paid the county superintendent of a county which has adopted the county unit system pursuant to chapter 18 of the Education Code.

Chapter 17 of the Education Code sets out the structure, powers, and duties of county school administration. Chapter 18 permits the creation of a countywide tax equalization district to exercise for the entire county the taxing power which article 7, section 3 of the Constitution confers on school districts. Educ. Code §§ 18.01, 18.05. Moneys collected from the equalization tax are distributed to the school districts within the county on the basis of average daily attendance. Educ. Code § 18.14. See Watson v. Sabine Royalty Corp., 120 S.W.2d 938 (Tex. Civ. App. — Texarkana 1938, writ ref'd). Supervision of the countywide district is vested in a county governing board, which may be designated the county board of education. Educ. Code §§ 17.01, 18.06. The county governing board continues to exercise the powers and duties assigned it by chapter 17 of the Education Code as well as those functions set out in chapter 18. Educ. Code §§ 17.31, 18.06(d). See also Attorney General Opinion H–1103 (1977) (chapter 17 applies to county which has adopted county unit system). Thus, a county school administration which operates under chapter 18 of the Education Code is still subject to many provisions of chapter 17.

Chapter 17 sets out the duties of a county school superintendent. Educ. Code §§ 17.55–17.63. Where the county unit system has been adopted, he is to perform additional duties assigned to him for the proper functioning of that system. Educ. Code § 17.62. Section 17.51 provides for payment of his salary from the state available school fund established by article 7, section 5 of the Constitution. See Educ. Code § 17.29(b). Section 17.51 provides in part:

(a)  The salary of elective and appointive county superintendents shall be fixed as provided in this section.

(b)  Each county superintendent shall receive from the available school fund an annual salary based upon the following salary schedule:

. . . .

(c)  [monthly increments based on scholastic population]

. . . .

(f)  The compensation provided in this section shall be paid monthly upon order of the county school trustees or <u>county board of education</u>. . . .

(Emphasis added).  The reference in subsection (f) to the county board of education, a designation applicable to the governing board of counties under the county unit system, indicates that this section applies in those counties.  <u>See</u> Educ. Code §§ 17.01(b), 18.06.  In addition, we believe that this section describes a duty of the governing board of counties under the county unit system.  Educ. Code §§ 17.31, 18.06(a).

Section 18.30 of the Education Code also relates to the payment of the county superintendent's salary under the county unit system:

(a)  In the event that the tax herein provided for shall be authorized by the voters of the county to which this chapter applies, then the County Superintendent's salary and all expenses of maintaining his office shall be paid out of the funds realized from the collection of the tax herein provided for.

(b)  Until the tax provided for herein shall be authorized and levied, the salary of the County Superintendent and his assistants, and the expenses of maintaining the office of County Superintendent, shall continue to be paid as otherwise provided by law.

Until the equalization tax is authorized and levied, the superintendent's salary is paid pursuant to section 17.51.  After authorization of the tax, the proceeds thereof and not the available school fund constitute the source of his salary.  <u>See also</u> Educ. Code § 17.94 (state funding for county superintendents terminated, but office may be supported by ad valorem taxes generated in accordance with chapter 18).  However, section 18.30 does not provide a different amount of compensation; nor does it grant the county board of education discretion to set the superintendent's salary.  We believe the two provisions can be harmonized by applying the salary schedule set out in section 17.51 to payments from the method authorized by section 18.30.  <u>See</u> Code Construction Act, V.T.C.S. art. 5429b-2, §§ 3.01(2); 3.05(b); 3.06.  <u>See also</u> <u>Gordon v. Lake</u>, 356 S.W.2d 138 (Tex. 1962);

Goldman v. State, 277 S.W.2d 217 (Tex. Civ. App. — Amarillo 1954, writ ref'd n.r.e.) (laws relating to the same subject should be harmonized).

Although section 17.62 of the Education Code requires the county superintendent to perform additional duties incident to the functioning of the county unit system, he is not necessarily entitled to additional compensation for those duties. See Terrell v. King, 14 S.W.2d 786 (Tex. 1929) (legislators barred from receiving extra compensation for service on committees); McDonald v. Farmer, 56 S.W. 555 (Tex. Civ. App. 1900, no writ). Consequently, we conclude that the salary limitations set out in section 17.51 of the Education Code apply to the salary paid pursuant to section 18.30 to the superintendent serving under the county unit system.

### SUMMARY

The salary schedule set out in section 17.51 of the Education Code limits the salary paid pursuant to section 18.30 to the county school superintendent in a county which has adopted the county unit system.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Scott Garrison
William G Reid
Bruce Youngblood