

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 13, 2003

The Honorable Kenneth Armbrister
Chair, Senate Committee on Natural Resources
Texas State Senate
P. O. Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0032

Re: Whether a member of the Board of Trustees of the San Jacinto College District may simultaneously serve as a member of the Board of Directors of the Clear Brook Municipal Utility District (RQ-0596-JC)

Dear Senator Armbrister:

Your predecessor as chair of the Committee on Natural Resources requested our opinion as to whether a member of the Board of Trustees of the San Jacinto College District ("the College District") may simultaneously serve as a member of the Board of Directors of the Clear Brook Municipal Utility District ("the MUD").[1] Your predecessor asked us to analyze the situation under article XVI, section 40 of the Texas Constitution and under the common-law doctrine of incompatibility.

The College District is governed by a board of trustees, as provided by section 130.082(d) of the Education Code. TEX. EDUC. CODE ANN. § 130.082(d) (Vernon 2002). The trustees are elected and serve a term of six years. *Id.* § 130.082(e). The district's service area is defined by section 130.197 of the Education Code to include "(1) the Pasadena, La Porte, Deer Park, Channelview, Galena Park, and Sheldon independent school districts; and (2) the part of the Clear Creek Independent School District that is located in Harris County." *Id.* § 130.197. The board of trustees of a junior college district "annually shall cause the taxable property in its district to be assessed for ad valorem taxation and the ad valorem taxes in the district to be collected." *Id.* § 130.121(a). Thus, the College District has the power of taxation. The members of the board of trustees of a junior college district are prohibited from receiving "any remuneration or emolument of office," other than "reimbursement for their actual expenses incurred in performing their duties." *Id.* § 130.082(d).

The MUD is a general law water district created under chapter 49 of the Water Code. In accordance with that chapter, it "shall be governed by its board, the number of which is otherwise

---

[1]Letter from Honorable J.E. "Buster" Brown, Chair, Senate Committee on Natural Resources, to Honorable John Cornyn, Texas Attorney General (Aug. 19, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

provided by law." TEX. WATER CODE ANN. § 49.051 (Vernon 2000). Members of the board are elected by the voters of the district. *Id.* § 49.102(a) (Vernon Supp. 2003). A chapter 49 district "may levy and collect a tax for operation and maintenance purposes." *Id.* § 49.107(a). The MUD thus has the power of taxation.

The MUD is interested in appointing a College District trustee to a vacant position on the MUD board. *See* Request Letter, *supra* note 1, at 1. As trustee of the College District, this person "receives no fee of office." *Id.* Additionally, the person "is included in the [College] District's health insurance plan." *Id.* Although the individual would be permitted to receive a per diem allowance as a member of the MUD board, he or she will "waive the receipt of the otherwise allowed per diem allowance." *Id.*

We first consider whether article XVI, section 40 of the Texas Constitution, which prohibits a person from simultaneously holding two offices of emolument, applies to the situation your predecessor described. In its final clause, article XVI, section 40 provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40. Under *Aldine Independent School District v. Standley*, 280 S.W.2d 578 (Tex. 1955), an officer is an individual upon whom a "sovereign function of the government [has been] conferred . . . to be exercised by him for the benefit of the public largely independent of the control of others." *Id.* at 583. This office has construed the *Aldine* test to mean that an individual is an "officer" if his or her actions are not subject to control by a superior body. Tex. Att'y Gen. Op. No. JM-1266 (1990) at 2. Each of the positions at issue here clearly constitutes an office. Members of the two respective boards under consideration are elected by the voters of their districts. Their actions are not subject to control by a superior body, and their members consequently meet the definition of "officer" formulated by the Texas Supreme Court in *Aldine*. *Aldine,* 280 S.W.2d at 583.

An emolument is "a pecuniary profit, gain or advantage." In fact, any amount received in excess of actual expenses is an emolument. *See Irwin v. State*, 177 S.W.2d 970, 973 (Tex. Crim. App. 1944); *see also* Tex. Att'y Gen. Op. No. JM-1266 (1990) at 3; Tex. Att'y Gen. LO-95-001, at 2. In addition to salary and compensation, an emolument includes an amount received as a flat payment per meeting, a fixed per diem allowance, or significantly, for our purposes here, payment of hospitalization insurance. *See Willis v. Potts*, 377 S.W.2d 622 (Tex. 1964) (compensation in the amount of $10.00 per meeting qualifies city council membership as a "lucrative office"), Tex. Att'y Gen. Op. No. JM-704 (1987) at 2, Tex. Att'y Gen. LO-93-033 (emolument includes flat payment per meeting); Tex. Att'y Gen. Op. No. JM-594 (1986), Tex. Att'y Gen. LO-98-055 (emolument includes fixed per diem allowance); Tex. Att'y Gen. LO-97-100 (hospitalization insurance is an emolument). Furthermore, a position is one "of emolument" if its emoluments are fixed by statute or by a governmental body. Tex. Att'y Gen. Op. No. JM-333 (1985).

The position of a director of a utility district created under chapter 49 of the Water Code is an office "of emolument" for the purposes of article XVI, section 40 of the Texas Constitution. The director "is entitled to receive fees of office of not more than $150 a day for each day the director actually spends performing the duties of a director." TEX. WATER CODE ANN. § 49.060(a) (Vernon

Supp. 2003). In addition, a director "is also entitled to receive reimbursement of actual expenses reasonably and necessarily incurred while engaging in activities on behalf of the district." *Id.* § 49.060(b). "Instead of the fees of office and reimbursement of actual expenses, a director may elect to receive a per diem of $100 for each day the director actually spends performing the duties of a director." *Id.* § 49.060(d). Thus, the position of director of the MUD is one "of emolument."

Whether the position of a college district director is one of emolument is a closer question. As we have noted, members of the board of a college district are not to "receive any remuneration or emolument of office," other than "reimbursement for their actual expenses incurred in performing their duties," TEX. EDUC. CODE ANN. § 130.082(d) (Vernon 2002). This provision was part of the original codification of title 3 of the Education Code. *See* Act of May 22, 1971, 62d Leg., R.S., ch. 1024, 1971 Tex. Gen. Laws 3072, 3294. In 1993, the legislature amended a portion of the former Insurance Code to permit "a member of the governing board of an institution of higher education" to participate in the Texas Employees Group Benefits Act as an employee.[2] *See* Act of May 29, 1993, 73d Leg., R.S., ch. 791, § 43, 1993 Tex. Gen. Laws 3127, 3141-42. The present version of that statute, section 1551.101 of the Insurance Code, states that:

> (d) An individual is eligible to participate in the group benefits program as provided by Subsection (a) if the individual is a member of the State Board of Education or the governing body of an institution of higher education.

TEX. INS. CODE ANN. § 1551.101(d) (Vernon 2003). Section 1551.006 provides that, with two exceptions not relevant here, "'institution of higher education' means a public junior college." *Id.* § 1551.006(a). Thus, if eligibility to participate in the group benefits program constitutes an "emolument," section 1551.101(a) of the Insurance Code might appear to irreconcilably conflict with section 130.082(d) of the Education Code, which expressly prohibits a trustee of a junior college district from receiving any "emolument of office."

Nothing in the history of the legislation that declared junior college trustees eligible to participate in the group benefits program indicates that the legislature intended thereby to repeal section 130.082(d) of the Education Code. Where a statute does not contain an express repeal, the presumption is that the legislature intended the old law to remain in operation. *Cole v. State ex rel. Cobolini*, 170 S.W. 1036, 1037 (Tex. 1914). A repeal by implication will result only if the implication is clear, necessary, irresistible, and free from reasonable doubt. *Ramirez v. State*, 550 S.W.2d 121, 124 (Tex. Civ. App.–Austin 1977, no writ). If under any reasonable construction two statutory provisions can be reconciled so that both may stand, one will not be held to have repealed the other. *Cunningham v. Henry*, 231 S.W.2d 1013, 1017 (Tex. Civ. App.–Texarkana 1950, writ

---

[2]*See* TEX. INS. CODE ANN. §§ 1551.001 (Vernon 2003) ("This chapter may be cited as the Texas Employees Group Benefits Act."), 1551.006(a) ("In this chapter, except as provided by Subsection (b), 'institution of higher education' means a public junior college, a senior college or university, or any other agency of higher education within the meaning and jurisdiction of Chapter 61, Education Code.").

ref'd n.r.e.). Where there is no positive repugnance between the two provisions, each will be construed so as to give effect to both. *Standard v. Sadler*, 383 S.W.2d 391, 395 (Tex. 1964).

Furthermore, courts, and by extension, this office, are required to construe statutes, if at all possible, so as to harmonize them with other relevant laws. *La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 565 (Tex. 1984). Particularly when two statutes deal with the same general subject matter, they should be reconciled in a way that will not destroy the effect of either. *Goldman v. State*, 277 S.W.2d 217, 222 (Tex. Civ. App.–Amarillo 1954, writ ref'd n.r.e.). In the situation you present, both of the statutes in question address the matter of emoluments for members of junior college trustees. In order to harmonize them, one may interpret section 1551.101(a) to mean that the legislature, in enacting that provision, deemed the mere eligibility to participate in a group benefits program not to constitute an "emolument." Such a construction salvages both provisions while most effectively accomplishing legislative intent.

Because, then, a member of the board of trustees of the College District, by express statutory provision, does not hold an office of emolument, there is no impediment under article XVI, section 40 of the Texas Constitution, to a single individual simultaneously holding both the offices of trustee of the College District and member of the board of directors of the MUD.

This does not end our inquiry, however. We are also asked to consider whether there is any conflict between the two positions under the common-law doctrine of incompatibility. That doctrine has three aspects – self-appointment, self-employment, and conflicting loyalties. It is the last category that concerns us here. Conflicting loyalties incompatibility was first recognized by a Texas court in the case of *Thomas v. Abernathy County Line Independent School District*, in which the court declared:

> In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of alderman various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits – e.g., there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. . . . If the same person could be a school trustee and a member of the city council or board of alderman at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

*Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted).

The request letter states that the College District and the MUD have overlapping geographical boundaries. Request Letter, *supra* note 1, at 1. As we have previously noted, both entities have the power of taxation. *See* TEX. EDUC. CODE ANN. § 130.121(a) (Vernon 2002); TEX.

WATER CODE ANN. § 49.107(a) (Vernon Supp. 2003). Citing a number of previous attorney general opinions, we recently affirmed the principle expressed in Attorney General Opinion JC-0557 that "[i]f two districts with overlapping geographical jurisdictions each have the power of taxation, . . . the potential for conflict is insurmountable." *See* Tex. Att'y Gen. Op. No. GA-0015 (2003) at 2 (citing Tex. Att'y Gen. Op. No. JC-0557 (2002) at 5). Attorney General Opinion JC-0557 reasoned that "[w]here the object of each district is to maximize its own revenues, a single individual would have great difficulty in exercising his duties to two separate and competing masters." Tex. Att'y Gen. Op. No. JC-0557 (2002) at 5.

This reasoning is persuasive, and it clearly applies in the circumstances you describe. We conclude that, on the basis of the common-law doctrine of incompatibility, an individual may not simultaneously serve both as trustee of the San Jacinto College District and as director of the Clear Brook Municipal Utility District.

## S U M M A R Y

Although the position of director of the Clear Brook Municipal Utility District is an "office of emolument under article XVI, section 40 of the Texas Constitution," the position of trustee of the San Jacinto College District is not. Thus, a single individual is not prohibited by article XVI, section 40 of the Texas Constitution from simultaneously holding both positions. An individual is, however, barred from such simultaneous service on the basis of the common-law doctrine of incompatibility.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee