No. 2369.

## ROCKWALL COUNTY *v.* KAUFMAN COUNTY.

1. JURISDICTION—COUNTY BOUNDARIES.—The amendment made by the act of April, 1885, to section 8, of the article of a former act which provided for the settlement of disputed county boundaries (Rev. Stat., appendix, p. 27), does not authorize a county to institute suit in the district court until it has taken the preliminary steps after the amendment went into effect that were required by the original statute.
2. CONSTRUCTION OF STATUTES—RETROACTIVE LAW.—In the absence of any special indication, or reason, as a common rule, a statute will not be applied retrospectively even where there is no Constitutional impediment.

APPEAL from Ellis.    Tried below before the Hon. Anson Rainey.

*Allen & Vesey,* for appellant:   On their proposition that the act of March 18, 1885, relates only to the remedy afforded by law to counties for settlement of controverted boundaries and applies to disputes arising prior to the passage of the act, and is not limited in its operation simply to subsequent controversies, cited Sutherland v. DeLeon, 1 Texas, 250; Grigsby v. Peak, 57 Texas, 142; Johnson v. Taylor, et al., 60 Texas, 360; Worsham v. Stevens, 66 Texas, 89; Cooley's Constitutional Limitation, pages 286, 361; Ervell v. Daggs, 108 United States, 143; Campbell v. Holt, 115 United States, 620; Bailey v. P. W. & B. R. R. Co., 44 American Decisions, 593; Lycoming v. Union, 53 American Decisions, 573; Simpson v. Savings Bank, 50 New Hampshire, 466; State v. Douglass, 26 Wisconsin, 428.

*Ward & Charlton,* for appellee.

GAINES, ASSOCIATE JUSTICE.   This was a proceeding instituted in the court below by appellant against appellee, for the purpose of ascertaining the true boundary line between the two counties of Rockwall and Kaufman.   By the amended petition it was alleged in substance that the line had been definitely fixed and marked in 1873, by two surveyors, one appointed by the county court of Rockwall and the other by the county court of Kauf-

man county, in accordance with the statute then existing, the former court having instituted proceedings for that purpose; that the record of that survey had been destroyed by fire and that a dispute had again arisen as to the true location of the boundary line.   It was also substantially alleged that in order to settle that dispute, in June, 1883, the county court of Rockwall appointed a competent person to make a second survey of the line and named a day and time for beginning the survey; that the court sent a copy of its order to the county court of Kaufman county; and that the latter court also appointed a surveyor.   It was also averred that the surveyors so appointed met, and failing to agree reported their disagreement to the Commissioner of the General Land Office, who returned an order for a new survey, accompanied with appropriate instructions; that they again met in obedience to said order, but again failed to come to an agreement as to the true boundary; and that a report of their disagreement was made by them to the commissioners courts of their respective counties.   A demurrer to the petition was sustained and the suit dismissed, and the ruling of the court upon the demurrer is now assigned as error.

The first ground of demurrer raises the question, whether the law now in force authorized the plaintiff to bring this action under the facts alleged in its petition; and we think that the determination of this question is decisive of this appeal.   In Guadalupe County v. Wilson County, 58 Texas, 228, decided in 1882, this court held, that there was no law then in force which conferred jurisdiction upon the district courts to hear and determine suits of this character.   The statutes then existing applicable to the subject, provided for the determination of county boundaries by a joint survey to be made by surveyors respectively representing the counties interested, aided by the instructions of the Commissioner of the General Land Office in case of a disagreement in the first instance.   It made no provision for the contingency of a further disagreement after the Commissioner had issued his directions to the surveyors appointed for the respective counties.   (Rev. Stat., arts. 685, 691, act of April 22, 1879; Rev. Stat., Appendix, page 27.)   So the law stood at the time the county court of Rockwall county instituted proceedings for a second survey, and at the time the surveyors of the two counties reported their final disagreement.   But in April, 1885, section 8 of the act last cited was amended so as to read as follows:   "Section 8.   That should the surveyors above

provided for fail to agree as to the true boundary line between their respective counties, the fact of such a disagreement with a full statement of the question at issue between them shall be by them reported to the county commissioners court of their respective counties, and upon filing of such report, either party shall have the right to institute suit in the district court of any county that lies adjacent to either of such counties that is not interested in the result of the suit, and it shall be the duty of the district judge to * * try said question of boundary in the same manner as is provided by law for the trial of the question of boundary lines between different surveys of land, etc." (Laws Nineteenth Legislature, 31.) Now counsel for appellants have cited numerous authorities tending to show that if this provision had a retrospective operation and authorized suits when the final disagreement between the surveyors had occurred previous to its enactment, it would be constitutional. This we need not deny. The true question is: Does the law admit of such a construction? Mr. Bishop says: "In the absence of any special indication or reason, and as a common rule, a statute will not be applied retrospectively, even when there is no constitutional impediment. Some of the cases appear to hold that to work an exception to this rule the retrospective intent must appear in the words themselves." (Bishop on The Written Laws, sec. 84.) The latter doctrine, however, this eminent authority does not endorse, but says, "that some statutes extend to past transactions even when the words are not direct to this effect." (Id.) See also The State v. Hays, 52 Missouri, 578; State v. Thompson, 41 Missouri, 25.

But we take it that in any case in order to give a retrospective construction, it should appear at least by fair implication from the language used, that it was the intent to make it applicable to both past and future cases. In no instance can language expressive of future acts be construed to embrace those that are past. "Should the surveyors * * fail to agree," clearly refers to surveyors thereafter to be appointed. "The fact of disagreement * * shall be reported, and either county shall have the right to institute suit" are words which also clearly manifest the intention to give the provision a prospective operation only. (State v. Newark, 40 New Jersey, 92.) It would seem probable that the amendment of 1885 was suggested by the fact that in some instances the surveyors had failed to agree even after the powers of the Commissioner of the General Land Office were

called into exercise, and that therefore the remedy afforded by existing law was inadquate. It would have been easy for the Legislature, by the use of apt words, to have made the provision applicable to past as well as future cases; but no such words appear in the act. There is nothing in the law which prohibits a new survey in accordance with its provisions, although a former survey had been attempted and had resulted in a failure to establish the line; and the law makers may have considered that in such cases new proceedings might end in a mutual accord, and thereby prevent a resort to litigation. We conclude that the act of 1885 did not authorize plaintiff to institute this proceeding without taking the preliminary steps required by the original statute, after the amendment went into effect, and that therefore the demurrer was properly sustained.

The act of 1885 not being applicable to the case made in the petition, the question of its constitutionality is not before us, and we do not think it proper to pass upon it.

If it be true that the boundary was established in 1873, as alleged in the petition, then this was done in accordance with the law then in force, and by its terms should be held conclusive. (Act May 12, 1846, sec. 5; Pas. Dig., arts. 1057, 1061.) But if it can not be ascertained, we think it competent for either county to proceed again under the acts of 1875 and the subsequent amendment thereof.

There being no error in the judgment it will be affirmed.

*Affirmed.*

Opinion delivered November 29, 1887.