## BLAKELY v. COMMERCIAL UNION ASSUR. CO.

(Court of Civil Appeals of Texas. San Antonio. Oct. 22, 1913. Rehearing Denied Nov. 19, 1913.)

1. APPEAL AND ERROR (§ 759*)—RETROACTIVE STATUTES — STATUTES GOVERNING PROCEDURE.

Where the case had been prepared for appeal before the enactment of Laws 1913, c. 136, which contained an emergency clause based on the lateness of the session and the increased expense in filing separate assignments of error, and provided that assignments of error might be made up from the motion for new trial, and plaintiff in error had then assigned the errors complained of, the statute will not be construed as applying to the case so as to relieve plaintiff in error from copying assignments of error into his brief, even though that is not necessary under the statute.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

2. STATUTES (§ 267*)—RETROACTIVE STATUTES.

It must appear by fair implication from the language of the statute that it was intended to have a retroactive operation.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 350–359; Dec. Dig. § 267.*]

3. STATUTES (§ 267*)—RETROSPECTIVE STATUTES—PROCEDURE STATUTES.

While a statute relating to procedure only is presumed to apply to actions which have accrued or are pending, as well as the future actions, the steps of procedure already taken will be permitted to stand, unless the statute plainly shows a contrary intention.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 350–359; Dec. Dig. § 267.*]

---

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by the Commercial Union Assurance Company against Bassett Blakely. From judgment for the plaintiff, defendant brings error. Affirmed.

Elliott Cage, of Houston, for plaintiff in error. L. B. Moody, of Houston, for defendant in error.

FLY, C. J. This suit was instituted by defendant in error, and the cause was tried on June 23, 1911. The writ of error bond was filed on April 23, 1912, and on July 19, 1912, the assignments of error were filed, and on July 22, 1912, the transcript was filed in the Court of Civil Appeals in Galveston. The brief for plaintiff in error was filed on September 24 1913.

[1] Plaintiff in error has not copied an assignment of error in his brief that is found in the record, but he has formulated other assignments of error made up of portions of his motion for a new trial. However proper that action might be under the provisions of the law passed on April 4, 1913 (Laws 1913, c. 136), it is entirely improper in a case in which assignments of error have been prepared and filed prior to the enactment of that law. There is nothing in the act of 1913 that would fairly raise the implication that it was the intent of the Legislature to make the law applicable to both past and future cases.

[2] The rule is thus stated by the Supreme Court in Rockwall Co. v. Kaufman Co., 69 Tex. 172, 6 S. W. 431: "But we take it that, in any case, in order to give a retrospective construction, it should appear, at least by fair implication from the language used, that it was the intent to make it applicable to both past and future cases."

[3] It is true that in Sutherland on Statutory Construction, § 482, it is stated: "Where a new statute deals with procedure only, prima facie it applies to all actions, those which have accrued or are pending, and future actions"—but it is further stated in the same paragraph: "But the steps already taken, the status of the case as to the court in which it was commenced, the pleadings put in, and all things done under the late law, will stand, unless an intention to the contrary is plainly manifested; and pending cases are only affected by general words as to future proceedings from the point reached when the new law intervened."

In this case the cause had been prepared for appeal long before the new law was enacted, plaintiff in error had assigned the errors of which he complained, no extra expense could possibly arise by adhering to the assignments of error, and there is nothing in the law that indicates that the Legislature desired to apply the law to such a case. It is true that there is an emergency clause in the statute, but it is based on the near approach of the end of the session and the increase in expenses in filing separate assignments of error. The latter reason could not apply to this case because the additional expense, if any, had already been incurred. This is said, in view of a decision which seems to put much stress on the emergency clause of a statute. Phœnix Ins. Co. v. Shearman, 43 S. W. 1063.

In the new law, as well as the old, assignments of error are required to be filed before the transcript is taken from the clerk's office in the trial court, and the new law does not attempt to give a litigant the right to appeal on one set of assignments and then shift to another more than a year after the appeal is perfected merely by ignoring the formal assignments of error.

The brief will not be considered, and, there being no error apparent of record, the judgment is affirmed.