## HOPE OIL CORPORATION et al. v. HUMBLE OIL & REFINING CO. et al.
### No. 8804.

Court of Civil Appeals of Texas. San Antonio.
Nov. 4, 1931.

Gaines, Gaines & Roberts, of San Antonio, for appellants.

Samuel B. Dabney and Fred L. Williams, both of Houston, J. Turner Vance, of Refugio, and Vinson, Elkins, Sweeton & Weems and Knox Gilmore, all of Houston, for appellees.

**SMITH, J.**

Appellees urge motions to dismiss the appeal, or strike the cause from the docket, and to affirm on certificate, upon the ground that the transcript was not filed in this court within sixty days from the date of the final judgment, as required by the Act of the Forty-Second Legislature, effective August 22, 1931, known as S. B. No. 63 (Gen. Laws, Reg. Sess. 42d Leg., ch. 66, p. 100 [Vernon's Ann. Civ. St. art. 1839]). The act amended article 1839, R. S. 1925, which allowed appellants ninety days from the perfection of their appeal in which to file transcripts in the Courts of Civil Appeals. As amended that article now requires the transcript to be filed in the appellate court "within sixty days from the final Judgment or Order overruling motion for new trial."

In this case the final judgment was rendered on July 23, 1931, and appeal bond was filed and the appeal thereby perfected on August 11. Under the statute then in force appellants were allowed until November 11 in which to file the transcript in this court, but if the new statute should be held to govern the appeal, appellants were required to file the transcript in this court on or before September 21, or fifty-one days earlier than required under the old statute.

■ Although the new act was approved on April 21, 1931, it did not become a law until August 21, thereafter, and until that date appellants were not required to take any notice whatever of its terms. Missouri, K. & T. Ry. Co. of Texas v. State, 100 Tex. 420, 100 S. W. 766. Up to that time appellants had prosecuted their appeal, step by step, in orderly compliance with the procedure prescribed by then existing statutes. They had given notice of appeal, had filed their appeal bond, were proceeding with the preparation of the record, in orderly and timely compliance with a statute which allowed them until November 11 in which to present the record in this court. There was no express provision in the new act that it should operate upon existing appeals, nor did the act contain language from which such effect could be reasonably implied. If the act may be given retroactive effect, it is only by reason of the general rule of construction of procedure statutes, which is that they shall so react, but not to the extent of cutting off rights or remedies existing under prior laws, without allowing litigants a reasonable time in which to protect themselves against the restrictions imposed by the superseding act. What is such reasonable time is to be determined by the courts, in the exercise of a liberal discretion in favor of the preservation of existing rights and remedies.

■

Under the statute in effect at the time the amendment thereof took effect, appellants were allowed ninety days from August 11, that is until November 11, in which to file the transcript in this court; whereas, under the amendment they were allowed only until September 21 for that purpose. As the amendment took effect on August 21, its provisions, if applied to appellants, allowed the latter only thirty days after that date in which to file the transcript; whereas, under the existing law they still had fifty-one days in which to perform that duty.

If the amendment should be given full effect upon all cases in which the transcript had not been filed in this court at the time that amendment took effect, that is to say, if its provisions were applied to all appeals in process of completion at the time the act became effective, it would have the effect of forfeiting valuable rights of litigants who may have diligently preserved those rights in accordance with procedure prescribed by existing statutes, a result which the Legislature could not have contemplated, and which it could not effectuate, even if contemplated. For example, suppose the amendment here in question had not become effective until September 22. At that time, under existing statute, appellants still had about twenty-one days in which to file the transcript in this court. But under the amendment the time therein prescribed would have fully passed, and appellant's right of appeal destroyed, notwithstanding they had diligently preserved it under existing statutes.

■■ We think the amendment to the statute should be so construed as not to unreasonably restrict the exercise of the right of appeal vouchsafed litigants under existing statutes. It should be liberally construed in favor of the preservation of those rights, or, as stated by Judge Gaines in Stephenson v. Stephenson (Tex. Sup.) 22 S. W. 150, 151: "Where the intention of the legislature is not express, as to a mere matter of procedure, the courts are justified in resorting to the utmost liberality of construction in order to prevent the forfeiture of a valuable right, especially when such construction cannot work a hardship upon any party to the suit. We therefore conclude that the court should have dismissed the certificate of affirmance, and should have ordered the transcript to be filed." We think this statement of the rule is appropriate to the facts in this case, which do not warrant the harsh remedies invoked by appellees. Stephenson v. Stephenson, supra; Wright v. Hardie, 88 Tex. 653, 32 S. W. 885; Blakely v. Assur. Co. (Tex. Civ. App.) 160 S. W. 443.

The motions will be overruled.