462

## BRUTON et ux. v. TEXAS POWER & LIGHT CO.

### No. 11183.

Court of Civil Appeals of Texas. Dallas.

Dec. 5, 1931.

Allen Charlton, of Dallas, for the motion.

JONES, C. J.

This is a motion filed by the Texas Power & Light Company, defendant in error, to dismiss the writ of error filed by J. E. Bruton and wife, plaintiffs in error, on the grounds that the statement of facts and bills of exceptions were not timely filed in the trial court, and that the transcript was not so filed in this court.

The record shows that plaintiffs in error timely filed an application for writ of error in the trial court, on August 5, 1931; that citation of error was issued on this application August 7, 1931, and served on defendant in error August 10, 1931; that the writ of error bond was filed at the time the application for writ of error was filed; that the statement of facts and bills of exception were filed in the lower court October 29, 1931; and that the transcript and statement of facts were filed in this court November 6, 1931.

When the writ of error was perfected in this case, on August 10, 1931, plaintiffs in error were allowed eighty days thereafter within which to prepare and file a statement of facts and bills of exception in the trial court, under the then existing law. This time could be extended by the trial court, for good cause shown in the application, to a time not to exceed the time within which the transcript could be filed in the Court of Civil Appeals. Article 2246, R. S. 1925. The time for filing the transcript in the Court of Civil Appeals, under the then existing law, was ninety days after service of the writ of error, and this time could be extended by the appellate court, for good cause shown. Article 1839, R. S. 1925.

The Forty-Second Legislature amended articles·2246 and 1839. See chapter 66, p. 100, for the amendment to article 1839 (Vernon's Ann. Civ. St. art. 1839), and chapter 67, p. 100, for the amendment to article 2246, General Laws of the Forty-Second Legislature (Vernon's Ann. Civ. St. art. 2246). Article 2246, as amended, allows "fifty days after final judgment or order overruling motion for new trial, if such motion is filed, or perfection of writ of error, within which to prepare and file his statement of facts and bills of exception in the Trial Court." This statute also provides that; upon application of the party appealing, for good cause shown, the judge of the court may extend the time for filing such statement of facts and bills of exception, provided the time shall not be extended beyond the time for filing the transcript in the Court of Civil Appeals. Article 1839, as amended, provides that in appeal or writ of error, the transcript shall be filed with the clerk of the Court of Civil Appeals "within sixty days from the final Judgment or Order overruling motion for new trial, or perfection of the Writ of Error"; provided that for good cause shown before the expiration of such sixty-day period, the court shall permit the transcript to be thereafter filed upon such terms as it shall prescribe. These amendments to the two statutes became effective on August 22, 1931, twelve days after plaintiffs in error had perfected their writ of error.

It is obvious from the above statement that, if the law, in existence at the time the writ

of error was perfected, controls, then the statement of facts and bills of exception were timely filed in the trial court, and the transcript was timely filed in this court. It is equally obvious that, if the law that became effective twelve days subsequent to the perfecting of the writ of error controls the time for filing the statement of facts and bills of exception in the trial court, and also controls the time for filing the transcript in this court, then neither the statement of facts and bills of exception, nor the transcript, were timely filed, and this court, in either event, would not have jurisdiction to pass upon the issues raised by the writ of error. First Nat. Bank of Wortham v. Bland (Tex. Civ. App.) 291 S. W. 650; Gerneth v. Galbraith-Foxworth Lbr. Co. (Tex. Civ. App.) 6 S.W.(2d) 215; Carter et al. v. Railway Co. (Tex. Civ. App.) 18 S.W.(2d) 702. The question to be determined, under the undisputed facts, therefore, is: Which law controls, the one in effect at the time the writ of error was perfected, or the one which became effective after the writ of error was perfected and before the record was filed, either in the trial court or in this court?

■ It is the general rule of law that statutes relating to procedure or legal remedies apply both to pending and future litigation, for it is generally held that no one is given a vested right under such statutes. 25 R. C. L. § 38, p. 791; Stark v. R. B. George Machinery Co. (Tex. Civ. App.) 41 S.W.(2d) 1023; Mexican Ry. Co. v. Mussette, 86 Tex. 708, 26 S. W. 1075, 24 L. R. A. 642; Phil H. Pierce Co. v. Watkins, District Judge, 114 Tex. 153, 263 S. W. 905.

■■ The two amended statutes under review relate to the procedure to be followed in exercising the right to have a judgment reviewed by an appellate court, and their application is not restricted in express terms to future judgments of a trial court. Their effect is to lessen the time within which the active jurisdiction of a Court of Civil Appeals may be exercised, and thereby hasten the final disposition of a case. This purpose of the amendments is shown by the emergency clause included in each enactment. The clause is the same in each, and in part reads, "The fact that the crowded condition of the dockets of the trial and Appellate Courts of the State demands that the laws governing the practice and procedure therein be so amended as to expedite and simplify the business of the Courts as soon as possible," etc. These statutes meet the declaration that they were enacted to expedite the business of appellate courts by shortening the time within which an appeal may become effective in such courts. This is shown in two ways, viz., by a reduction of the time allowed for the filing of a statement of facts and bills of exception in the trial court, and by a corresponding reduction of the time for filing the transcript in the appellate court.

In a narrow sense, the taking of the appeal was consummated, in the instant case, when defendant in error was served with a citation in error, to wit, on August 10, 1931, for then potential jurisdiction was given this court. In a broader sense, however, the taking of this appeal was not finally consummated until the transcript was filed in the Court of Civil Appeals, for then only can the appellate jurisdiction of this court be invoked to determine the case on its merits. In reference to the issue under review, 25 R. C. L. § 38, supra, states an exception to the general rule that laws of procedure will apply to pending, as well as future, litigation. After announcing the general rule as to statutes whose subject-matter deals alone with procedure of courts, in the preceding portion of said section, it declares that, "A statute relating to appeals, which is not limited to future actions, applies to actions in which judgment has been rendered where the only effect on the right of the successful party is to extend the time for taking an appeal, but it is otherwise in the case of a statute shortening the time for taking of appeal, or limiting the right to appeal," and cites authorities in note to sustain such an announcement. We cite Cook v. Massey, 38 Idaho, 264, 220 P. 1088, 35 A. L. R. 200, as additional authority. The cases cited are those in which the time for perfecting the appeal from the judgment of a trial court had been lessened, but we think the same rule and the same reasoning apply to a statute lessening the time within which the record may be filed in the Court of Civil Appeals, for only then has such court jurisdiction to review the case, and, in the broader sense of the term, has an appeal been taken to such court. Certainly these amended statutes limited the right to appeal in the instant case. What is the purpose of an appeal? It is to secure a review of the judgment of a trial court by an appellate court. A litigant may be no more effectively deprived of his right of appeal by a legislative enactment intervening after judgment of a trial court, to shorten the time within which he could file his appeal bond, or perfect his writ of error, than he would be by an intervening enactment to shorten the time for filing the record in the appellate court, after he has filed his appeal bond or perfected his writ of error. Either enactment, dealing with procedure, could deprive him of the right of appeal.

When the writ of error was perfected, plaintiffs in error had eighty days, under the existing law, for filing the bills of exception and statement of facts in the trial court, and ninety days for filing the transcript in this court. After twelve days of this time had elapsed, a law became effective, which, if applicable to this case, would take thirty days

from the time within which plaintiffs in error could file their statement of facts and bills of exception in the trial court, and likewise take thirty days from the time within which they could file the transcript in this court. Suppose the amended statutes did not go into effect until forty-nine days had elapsed from the date of the perfection of the writ of error, if the rule contended for by defendant in error be maintained, then plaintiffs in error would have had only one day remaining in which to file the statement of facts and bills of exception, and eleven days remaining, in which to file the transcript in this court. This would amount to a denial of an appeal, for a citizen is not charged by law with notice of a legislative enactment until it becomes effective. We do not believe it was the intention of the Legislature, in any way, to so infringe upon the right of appeal in reference to pending cases, and hence we do not believe it was the intention of the Legislature to make the amendments of the two statutes applicable to a case in which the appeal or writ of error had been perfected before the amendments became effective.

We therefore are of the opinion that, in those cases in which an appeal or writ of error had been perfected by filing an appeal bond in cases appealed, or by the service of citation in error in cases of writs of error, before the amendments to the statutes became effective, it was not intended by the Legislature that such amended statutes should apply, and the motion to dismiss the writ of error is therefore overruled.

Overruled.