Thresa Tyes BROOKS, Appellant,

v.

TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.

No. 13892.

Court of Civil Appeals of Texas.

Houston.

April 26, 1962.

Rehearing Denied May 31, 1962.

Barker, Barker & Coltzer, Jerry D. Barker, Galveston, Gripp, Will & Collins, Houston, for appellant.

Royston, Rayzor & Cook, Bryan F. Williams, Jr., Galveston, for appellee.

COLEMAN, Justice.

This is a suit for death benefits under the Texas Workmen's Compensation Act. After trial to a jury a judgment for the plaintiff was entered by the trial court. The plaintiff has appealed.

The question before this Court is the effect of a 1959 amendment to the Workmen's Compensation Act on then pending cases involving contracts, employments, and injuries occurring prior to the amendment.

John Brooks died on December 17, 1958, as a result of accidental injuries sustained in the course and scope of his employment. At the time of his employment and of his injury, and at the time of his death, Sections 1–3 of Article 8309 of Vernon's Annotated Texas Statutes, provided, in substance, that in computing an employee's "average weekly wages" for the purpose of determining the amount of compensation benefits due, the actual daily wages should be used if the employee, or, in the alternative, another employee "of the same class," worked in the employment in question "substantially the whole of the year immediately preceding the injury." If neither the employee injured nor an employee of the same class worked substantially the whole of the preceding year, then the act required that the average weekly wage be fixed in an amount "just and fair to both parties."

In 1959 these Sections of the Workmen's Compensation Act were amended so that the words "substantially the whole of the year" were eliminated and the words "for at least two hundred ten (210) days of the year" were substituted. This amendment was effective August 11, 1959 and the trial of this case began January 16, 1961. The amendment contained no savings clause.

"It is the law of this State, and the law generally, that, in the absence of any special indication or reason, a statute will not be applied retrospectively, even when there is no constitutional impediment against it. Stated in another way, it is the rule that statutes will not be applied retrospectively unless it appears by fair implication from

the language used that it was the intention of the Legislature to make it applicable to both past and future transactions. Rockwall County v. Kaufman County, 69 Tex. 172, 6 S.W. 431; Purser v. Pool, Tex.Civ. App., 145 S.W.2d 942, and many authorities there cited; Mississippi, C. R. Co. v. City of Hattiesburg, 163 Miss. 311, 141 So. 897; Ford Motor Co. v. State, 59 N.D. 792, 231 N.W. 883; State v. Ward, 189 Okl. 532, 118 P.2d 216; Freeman v. Terrell, 115 Tex. 530, 284 S.W. 946." State v. Humble Oil & Refining Co., 141 Tex. 40, 169 S.W. 2d 707.

We find nothing in the 1959 amendment indicating a legislative intent that compensation to be paid workmen injured prior to the effective date of the amendment should be computed in the manner prescribed by the amendment.

Appellant contends that this general rule does not apply to procedural and remedial statutes, citing Bristow v. Nesbitt, 280 S. W.2d 957, Tex.Civ.App., no writ hist., where the court stated:

"Venue statutes 'are procedural and rights thereunder are remedial as distinguished from substantive rights. Hadlich v. American Mail Line, D.C., 82 F. Supp. 562. A remedial statute, in the absence of a provision to the contrary, applies both to pending and future litigation. Bruton v. Texas Power & Light Co., Tex. Civ.App., 44 S.W.2d 462; Walker v. Lyles, Tex.Civ.App., 45 S.W.2d 315; 82 C.J.S. Statutes, § 422, p. 998."

In Bardwell v. Anderson, Tex.Civ. App., 325 S.W.2d 929, writ. ref., n. r. e., we stated the general rule in the following language:

"The general rule is that in the absence of an express intention to the contrary, legislation dealing with a procedural matter applies to pending litigation to the extent that subsequent steps in the case are to be taken under the new rule. Past steps taken under a rule or statute will not be affected, but subsequent steps will be governed by the new rule provided a reasonable time is afforded in which to take them. A remedy must not be denied by entirely eliminating it or be so unduly limited as to amount to a denial of it, such as by changing the time within which it may be resorted to so that it cannot as a practical matter be asserted. Walker v. Lyles, Tex. Civ.App., 45 S.W.2d 315, affirmed Tex. Com.App., 124 Tex. 38, 72 S.W.2d 1113; Phil H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905; Hunter v. Moore, Tex. Com.App., 122 Tex. 583, 62 S.W.2d 97; Red v. Bounds, Tex.Com.App., 122 Tex. 614, 63 S.W.2d 544."

One question to be determined is whether or not the amendment under consideration is procedural or remedial.

" * * * the word 'procedure,' as a legal term, is so broad in its signification that it is seldom employed as a term of art, and it is not well understood, and is difficult to describe or define.

\* \* \* \* \* \*

"Procedure is the machinery for carrying on the suit, and it includes pleading, process, evidence, and practice, whether in the trial court or the appellate court, or in the processes by which causes are carried to appellate courts for review, or in laying the foundation for such review; in fact, procedure includes every step which may be taken from the beginning to the end of a case." 72 C.J.S. Practice pp. 471, 473.

"Adjective law, also referred to as the 'law of remedy,' 'procedural law,' and 'remedial law,' is the law which pertains to practice and procedure, or the legal machinery by which the substantive law is made effective \* \* \*.

" * * * Substantive law, as constitutionally, legislatively, and judicially recognized, includes those rules and principles which fix and declare the primary rights of individuals as respects their persons and their property, and quite generally fix the type of remedy available in case of inva-

sion of those rights. * * *" *52 C.J.S. Law p. 1026.*

■ Under these general rules it is evident that laws regulating venue are procedural in nature, as was held in Bristow v. Nesbitt, supra. The statute eliminating service of notice of appeal from the decision of the Industrial Accident Board on the insurance carrier would be a procedural matter, as was held in New Amsterdam Casualty Company v. Patton, Tex. Civ.App., 22 S.W.2d 540, aff'd Tex.Com. App., 36 S.W.2d 1000. Changes in the requirements in appellate procedure are likewise procedural. Bardwell v. Anderson, supra; Hope Oil Corp. v. Humble Oil & Ref. Co., Tex.Civ.App., 43 S.W.2d 272; Devlin v. Heid Bros., Inc., 47 S.W.2d 383, Tex.Civ.App., writ dism.; Bruton v. Texas Power & Light Co., Tex.Civ.App., 44 S. W.2d 462; Walker v. Lyles, Tex.Civ.App., 45 S.W.2d 315, aff'd 124 Tex. 38, 72 S.W.2d 1113.

In Falls v. Key, 278 S.W. 893, Tex.Civ. App., writ dism., the court states:

"The presumption against the retrospective construction of statutes is founded on the principle that they should not be given such a construction as will make them unconstitutional or unjust, and therefore as a general rule does not apply to statutes that relate merely to remedies and modes of procedure. The Legislature has full control over the mode, times, and manner of prosecuting suits; and whenever, upon consideration of an entire statute relating to these matters, it appears to have been the legislative intent to make it retroactive, it will be given this effect. 36 Cyc. p. 1213, § 2. The retroactive effect has accordingly been given statutes providing a new mode of enforcing claims against the state or county, authorizing the issue of executions and attachments, authorizing the foreclosure of mortgages in certain cases, relating to the enforcement of liens, etc."

Falls v. Key, supra, is also an example of a remedial statute. Black's Law Diction-

ary, 2nd Ed., p. 1457, gives as one definition of the term "remedial statute" the following:

"*Remedial* statutes are those which are made to supply such defects, and abridge such superfluities, in the common law, as arise either from the general imperfection of all human laws, from change of time and circumstances, from the mistakes and unadvised determinations of unlearned (or even learned) judges, or from any other cause whatsoever. 1 Bl.Comm. 86; Falls v. Key, Tex.Civ.App., 278 S.W. 893, 896; Columbus Trust Co. v. Upper Hudson Electric & R. Co., Sup., 190 N.Y.S. 737, 739. These remedial statutes are themselves divided into *enlarging* statutes, by which the common law is made more comprehensive and extended than it was before, and into *restraining* statutes, by which it is narrowed down to that which is just and proper. A remedial statute is one which not only remedies defects in the common law but defects in civil jurisprudence generally. M. H. Vestal Co. v. Robertson, 277 Ill. 425, 115 N.E. 629, 631; MacDonald v. Hamilton B. Wills & Co., 199 App. Div. 203, 191 N.Y.S. 566, 568."

■ Viewed in the light of this definition the amendment under consideration is a remedial statute. However we are not persuaded that the conclusion that a statute is remedial necessarily carries with it the conclusion that the statute is retrospective. In the case of Falls v. Key, supra, the court seems to have found the intention of the legislature from a consideration of the act as a whole, although recognizing the general rule that statutes relating to procedure or legal remedies apply both to pending and future litigation, since no one is given a vested right under such statutes. The statute under consideration is not concerned with steps or measures to be taken by litigants in advancing or securing an adjudication of their rights. The average weekly wage is a basic factor in determining the compensation due an injured employee. The employer and the insurance

company contracted with reference to the method of determining "average weekly wage" as established by legislation at the time of the contract. This change is a matter of substance similar to the change in maximum weekly benefits considered in Garrett v. Texas Employers' Insurance Association, 226 S.W.2d 663, Tex.Civ.App., error ref.

Since we discern nothing indicating an intention on the part of the Legislature to make this Act retrospective, the trial court properly refused to base his decision on its provisions. Government Personnel Mut. Life Ins. Co. v. Wear, 151 Tex. 454, 251 S.W.2d 525.

Appellant also contends that the amendment of 1959 applied to subsequent trials of pending litigation because it constituted a legislative interpretation of the meaning of the phrase "substantially the whole of the year" contained in the amended sections.

■ While we recognize the rule that where a later act implies a particular interpretation of an existing law, the meaning of which is uncertain, such interpretation of the prior act is persuasive when a court is called upon to interpret the act. Stanford v. Butler, 142 Tex. 692, 181 S.W. 2d 269, 153 A.L.R. 1054; 82 C.J.S. Statutes, p. 787, § 360; 39 Tex.Jur. 239, Statutes, par. 127.

The meaning of the words "substantially the whole of the year" has not been uncertain since Petroleum Casualty Co. v. Williams, Tex.Com.App., 15 S.W.2d 553, was decided in 1929. There the court determined that phrase to mean approximately 300 days. The law has been so construed since that time and this Court would not be warranted in attempting to change the meaning of that phrase even if we were persuaded that the amendment of 1959 should be considered a legislative interpretation. The Legislature has not attempted to change the meaning of the phrase; it

has changed the law by eliminating the phrase.

The judgment of the trial court is affirmed.

### On Motion for Rehearing

■ Appellant contracted for the services of her attorneys on the basis that in the event it was necessary to appeal from the decision of the District Court, the attorneys should receive a fee of one-third of the total recovery. In the event there was no appeal a lesser amount was provided, which sum was awarded by the trial court. Appellant has requested that this Court reform the judgment of the trial court to conform to the contract. There is no contention that the trial court erred in the award made, rather the contention is that additional fees have been earned and should be allowed by this Court. An award of attorney's fees in the amount requested was permissible under the law in effect at the time the contract was made, but the trial court was not required to award the maximum amount permitted by law even though the parties had contracted for such amount. Postal Mutual Indemnity Co. v. Ellis, 140 Tex. 570, 169 S.W.2d 482; Fidelity Union Casualty Co. v. Dapperman, 53 S.W.2d 845, Tex.Civ.App., writ ref.; Texas Employers' Ins. Ass'n v. Lane, Tex.Civ.App., 124 S.W.2d 893, writ ref., judg. correct; White & Yarborough v. Dailey, 5 Cir., 228 F.2d 836.

■ Since the amount of attorney's fee to be allowed is not controlled by the parties' contract, but must be determined by the trial court in the exercise of his judicial discretion, the fixing of such an attorney's fee constitutes the exercise of original rather than appellate jurisdiction. Smith v. Texas Co., 53 S.W.2d 774, Tex. Com.App.; Volkmer v. Chase, 354 S.W. 2d 611, Tex.Civ.App.

Appellant's motion for rehearing is denied.