Jeanette Rose CASS et al., Appellants,

v.

ESTATE of Robert E. McFARLAND et al., Appellees.

No. 6654.

Court of Civil Appeals of Texas, El Paso.

Feb. 1, 1978.

Rehearing Granted March 22, 1978.

Joseph (Sib) Abraham, Jr., Duane A. Baker, Charles Louis Roberts, El Paso, for appellants.

Highsmith & Highsmith, Thomas E. Highsmith, Kemp, Smith, White, Duncan & Hammond, Joe Lea, Jr., Michael D. McQueen, El Paso, for appellees.

## OPINION

WARD, Justice.

Plaintiffs are the surviving wife, child, and parents of Armando Cass-Ruiz, and they sue for his death which occurred when a private plane crashed in Mexico. Defendants, the "Estate of Robert E. McFarland and Marsha Lynn McFarland," upon their motion, were dismissed as Defendants in this lawsuit. Interesting briefs and arguments have been presented concerning the application of Tex.Rev.Civ.Stat.Ann. art. 4678, as amended effective September 1, 1975, but, alas, to no avail as the resolution of the threshold question of finality of the judgment below is adverse to our jurisdiction and we dismiss the appeal.

In the Plaintiffs' first amended petition, there is designated an "Alternative Pleading" wherein it is stated that "by way of alternative pleading only," the same Plaintiffs assert a cause of action and join as a party Defendant Gulf Insurance Company, and allege what they designate as a cause of action for breach of a written contract. Gulf Insurance Company thereafter filed its answer by its attorneys. Next, a motion to dismiss was filed by the "Estate of Robert E. McFarland and Marsha Lynn McFarland" by their respective attorneys asking that the trial Court dismiss the action against those two named Defendants. Thereafter, on March 16, 1977, this motion of dismissal was acted on and an order was entered that the Defendants, "the ESTATE OF ROBERT E. McFARLAND and MARCIA LYNN McFARLAND be, and are hereby dismissed as Defendants in this lawsuit." It is from this order that the Plaintiffs have attempted to appeal, although their contract action against the Gulf Insurance Company still remains on file.

An appealable judgment is one that disposes of all parties and issues in the case, and a judgment which does not dispose of all the issues and all the parties is not final, and no appeal can be prosecuted therefrom. In *Tellez v. Tellez*, 531 S.W.2d 368 (Tex.Civ.App.—El Paso 1975, no writ),

we had occasion to speak of this recurring problem resulting from poorly drafted judgments and how the Supreme Court, by use of a presumption of finality for appellate purposes only, has provided a way for review of what otherwise would be interlocutory judgments. *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966). That rule is to the effect that an appellate Court may presume that unmentioned issues or parties have been disposed of when the judgment is not intrinsically interlocutory in character, is entered and rendered in a case regularly set for a trial on the merits, and when no order for separate trial of issues has been entered. Contrary to the facts of the *Aldridge* case and the cases such as *Tellez v. Tellez,* supra, we do not now have a judgment entered in a case regularly set for a conventional trial on the merits. As noted in the order of dismissal, the Court was only hearing the motion for dismissal filed by the Defendants, the "Estate of Robert E. McFarland and Marsha Lynn McFarland," and acting on that motion, they were dismissed as Defendants in this lawsuit. Following the reasoning contained in *Davis v. McCray Refrigerator Sales Corporation,* 136 Tex. 296, 150 S.W.2d 377 (1941), we cannot indulge in the presumption because if the trial Court intended to retain the Plaintiffs' action against Gulf Insurance Company for further consideration, it would have had to enter the very judgment which it did enter and upon which an appeal is now attempted. There is no way that the presumption of finality of the judgment can be indulged in this case.

Because all of the issues were not disposed of and no order of severance appears in the record, we hold that the judgment is interlocutory and not appealable. The appeal is dismissed because we do not have jurisdiction.

## ON MOTION FOR REHEARING

The Plaintiffs have presented their motion for rehearing and motion to permit filing of supplemental transcript. The supplemental transcript reflects that before the order was entered wherein the Estate of Robert E. McFarland and Marcia Lynn McFarland were dismissed as Defendants, the trial Court, upon motion, had severed the Plaintiffs' suit against Gulf Insurance Company from the present controversy. It now appears that the order of dismissal appealed from was a final appealable judgment. The supplemental transcript has been ordered filed and the Plaintiffs' motion for rehearing is granted. We affirm the judgment of the trial Court.

The Plaintiffs alleged that the Plaintiff, Jeanette Rose Cass, and her minor child, Armando Leo Cass, are residents of New York, and that the surviving Plaintiff/parents are residents of Arizona; that the private airplane was owned and piloted by Robert E. McFarland, and both he and his passenger, Armando Cass-Ruiz, were killed when the airplane crashed on April 25, 1974, in the Republic of Mexico; and that all acts of negligence occurred in the Republic of Mexico. The Plaintiffs sued to recover for the conscious pain and mental anguish suffered by Cass immediately prior to his death and for the funeral expenses incurred. The Plaintiff, Jeanette Rose Cass, sued for loss of support and maintenance, loss of care and companionship, and general assistance about the home. As next friend for the minor, she sued for deprivation of the support, nurture, care, training, and education that the minor could have expected. The surviving parents sued for loss of financial assistance and support which they anticipated they would have received had the decedent lived.

The motion to dismiss, as filed by the "Estate of Robert E. McFarland and Marsha Lynn McFarland," had as its grounds that: (1) Plaintiffs' petition failed to state a cause of action upon which relief could be granted because the action was governed solely by the laws of Mexico where the accident occurred; (2) there was no common law action for wrongful death in Texas; (3) the recovery of damages was sought under the laws of Mexico and the measure of damages was sought under the laws of Texas; and (4) the Texas Wrongful

Death Act and Texas Survival Act had no extraterritorial effect and were not applicable to the Mexico airplane crash and death at the time and on the date it occurred. As previously stated, as a result of that motion, those Defendants were dismissed from the lawsuit. Upon request, agreed findings of fact were entered by the trial Court reflecting the facts to be as alleged in the Plaintiffs' petition. In addition, agreed findings were to the effect that the fatal flight originated in New Mexico and that the Estate of Robert E. McFarland was pending in El Paso County. Conclusions of law were entered that the case should be dismissed without prejudice to the rights of the Plaintiffs inasmuch as the deceased, Armando Cass-Ruiz, died at Arteaga in the Republic of Mexico, and the dissimilarity of laws between the State of Texas and the Republic of Mexico caused the dismissal. While this last finding that the case should be dismissed because of the dissimilarity of law between the State of Texas and the Republic of Mexico is labeled a "conclusion of law," we will treat it as that as well as a finding of fact, as both parties to this appeal treat it as such and both assume that the dissimilarity of such laws has been established as a fact at the hearing on the motion to dismiss. Where the law of another country controls in a given case, that law must be properly proven as a fact. *Garza v. Greyhound Lines, Inc.,* 418 S.W.2d 595 (Tex.Civ.App.—San Antonio 1967, no writ).

Prior to the 64th Legislature, the rule was established that in a tort action, the law of the place of the tort must be looked to in determining the substantive rights of the parties. That rule of lex loci delicti withstood all Court made attacks, and the principle was established that the Wrongful Death Statute, Article 4671, Tex.Rev.Civ. Stat.Ann., did not have extraterritorial force. Thus, in *Marmon v. Mustang Aviation, Inc.,* 430 S.W.2d 182 (Tex.1968), that rule was repeated. It was also reaffirmed that Article 4678, as then written, did not give extraterritorial effect to the Texas Wrongful Death Statute, and it was pointed out that the purpose of Article 4678 was simply to provide that a right of action

arising under the laws of a foreign state or country for wrongful death could be enforced in the Texas Courts. Since Article 4671 did not apply to wrongful acts resulting in death which were committed outside of Texas, the only basis for this purely statutory action then became the out-of-state Statute which would be enforceable in Texas by virtue of Article 4678. As a consequence where the injury or death resulted from an accident occurring in Mexico and the proof established that the laws in Mexico relating to the right of action, the measure of damages, and the terms of recovery were so dissimilar to the laws of this State that the Texas Courts could not enforce them, the end result was a dismissal of the Plaintiffs' cause of action. *Carter v. Tillery,* 257 S.W.2d 465 (Tex.Civ.App.—Amarillo 1953, writ ref'd n. r. e.).

Articles 4671 and 4678 have now been amended effective September 1, 1975, and the Plaintiff contends that the Texas Wrongful Death Statute can now have extraterritorial effect, and that the laws of this State can now be applied to enable a recovery in this case. We do not reach an answer to that contention. Statutes will not be given retroactive effect in absence of a clearly expressed legislative intent to the contrary. *Brooks v. Texas Employers Insurance Association,* 358 S.W.2d 412 (Tex. Civ.App.—Houston 1962, writ ref'd n. r. e.). The recognized exception that a statute can be given retroactive effect applies where the statute deals with procedural or remedial matters, as opposed to substantive rights.

Substantive law has been defined as including " ' * * * those rules and principles which fix and declare the primary rights of individuals as respects their persons and their property, and quite generally fix the type of remedy available in case of invasion of those rights. * * * ' " *Brooks v. Texas Employers Insurance Association,* supra at 414. And, again, as " ' * * * the positive law of duties and rights which give rise to a cause of action.' " *Petroleum Casualty Company v. Canales,* 499 S.W.2d 734 at 737 (Tex.Civ. App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.).

Prior to the amendment, we were required to follow the substantive law of the foreign state or country. Now, if a change has been effected, as contended by the Plaintiffs, it would have to be a change in the substantive law field as recognized by a different forum. Since the amendments are not procedural or remedial, they do not have retroactive application. See *Penry v. Wm. Barr, Inc.,* 415 F.Supp. 126 (E.D.Tex.1976).

The judgment of the trial Court is affirmed.