

Office of the Attorney General · State of Texas

JOHN CORNYN

February 8, 2000

The Honorable J.E. "Buster" Brown
Chair, Natural Resources Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0180

Re: Whether section 21.055 of the Tax Code, which governs the taxation of certain business aircraft used outside this state, applies to the assessment of taxes in tax years 1995 through 1999 (RQ-0136-JC)

Dear Senator Brown:

You ask whether recently enacted section 21.055 of the Tax Code, which governs the taxation of certain business aircraft used outside this state, applies to the assessment of ad valorem taxes in tax years 1995 through 1999. We conclude that section 21.055, which became effective June 18, 1999, applies to the assessment of taxes in the 1999 tax year, but does not apply to the assessment of taxes in tax years 1995 through 1998.

Section 21.055 of the Tax Code provides, in essence, that a taxing unit may not tax that portion of the fair market value of a business aircraft attributable to its use outside the state and establishes a formula for determining that portion of value to be allocated to this state. That portion of the value of a business aircraft attributable to use outside the state may not be taxed. The legislature added section 21.055 to chapter 21 of the Tax Code in 1999.[1] To place the new statute in context, we begin with a brief discussion of the state's jurisdiction to tax, taxable situs, similar allocation statutes, and federal constitutional limitations on the taxation of property used in interstate commerce before turning to your questions about the statute's effect.

Under section 11.01(c) of the Tax Code, the state has jurisdiction to tax tangible personal property if the property is:

> (1) located in this state for longer than a temporary period;
>
> (2) temporarily located outside this state and the owner resides in this state; or

---

[1]See infra note 3.

> (3) used continually, whether regularly or irregularly, in this
state.

TEX. TAX CODE ANN. § 11.01(c) (Vernon 1992). Chapter 21 of the Tax Code governs the taxable situs of real and personal property for ad valorem tax purposes. As a general matter, tangible personal property is taxable by a taxing unit if it is located in the unit on January 1 for more than a temporary period or is normally located in the unit, even though it is outside the taxing unit on January 1 on a temporary basis. *See id.* § 21.02(1), (2) (Vernon Supp. 2000).

Section 21.03 of the Tax Code, which dates from 1979,[2] generally requires an appraisal office to allocate the value of property used outside the state: "If personal property that is taxable by a taxing unit is used continually outside this state, whether regularly or irregularly, the appraisal office shall allocate to this state the portion of the total market value of the property that fairly reflects its use in this state." *Id.* § 21.03(a) (Vernon 1992). Section 21.03 also authorizes the Comptroller to adopt rules identifying the kinds of property subject to allocation and establishing formulas for calculating the proportion of total market value to be allocated to this state. *See id.* § 21.03(b). A Comptroller rule provides that property qualifies for allocation if it constitutes a commercial instrument or commercial equipment, is used for a business purpose, has a taxable situs in the appraisal district, and "is used continually outside Texas in interstate or foreign commerce, whether regularly or irregularly." 34 TEX. ADMIN. CODE § 9.4033(d)(1) (1999). If the chief appraiser determines that the property was within the taxing jurisdiction of this state and within the taxing jurisdiction of another state, "he shall allocate to each taxing unit . . . the portion of the property's market value that fairly reflects its use in this state." *Id.* § 9.4033(f).

A more specific provision, section 21.05 of the Tax Code, establishes an allocation formula for commercial aircraft, *i.e.* an aircraft primarily engaged in the transportation of cargo, passengers, or equipment for others for consideration, such as an aircraft owned by a commercial airline. *See* TEX. TAX CODE ANN. § 21.05(b) (allocation formula), (e) (defining commercial aircraft) (Vernon 1992). The Comptroller has adopted rules reflecting the allocation formula for commercial aircraft. *See* 34 TEX. ADMIN. CODE § 9.4033(f)(1) (1999). The statute you ask about does not apply to commercial aircraft. *See* TEX. TAX CODE ANN. § 21.055(c) (Vernon Supp. 2000).

As the Texas Supreme Court has recognized, sections 21.03 and 21.05 reflect the Texas Legislature's attempt to allocate the value of property used in interstate commerce as required by the United States Constitution. *See Appraisal Review Bd. v. Tex-Air Helicopters, Inc.,* 970 S.W.2d 530, 535 (Tex. 1998) (holding that section 21.05 "is not an unauthorized exemption but an attempt to comply with United States constitutional mandates"); *see also id.* at 534 (disapproving "of the court's constitutional analysis of facial invalidity" of section 21.03 of the Tax Code in *Aransas County Appraisal Review Bd. v. Texas Gulf Shrimp Co.,* 707 S.W.2d 186 (Tex. App.–Corpus Christi

---

[2]*See* Act of May 26, 1979, 66th Leg., R.S., ch. 841, § 1, sec. 21.03, 1979 Tex. Gen. Laws 2217, 2247.

1986, writ ref'd n.r.e.)). Both the Due Process Clause and the Commerce Clause of the United States Constitution limit the authority of this state to tax personal property used in interstate commerce. "[D]ue process requires at least a minimal jurisdictional connection with a state. The due process limitation on taxing instrumentalities of commerce demands that the tax in practical operation bear some relation to opportunities, benefits, or protection conferred or afforded by the taxing state." *Id.* at 533 (citing *Moorman Mfg. Co. v. Bair*, 437 U.S. 267, 272-73 (1978); *Braniff Airways, Inc. v. Nebraska State Bd. of Equalization & Assessment*, 347 U.S. 590, 600 (1954)). To be valid under the Commerce Clause, a state tax must: "1) apply to an activity having a substantial nexus with the taxing state; 2) be fairly apportioned; 3) not discriminate against interstate commerce; and 4) be fairly related to the services provided by the state." *Vinmar, Inc. v. Harris County Appraisal Dist.*, 947 S.W.2d 554, 555 (Tex. 1997) (citing *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 279-287 (1977)).

Significantly, however, allocation of value, or apportionment of a taxpayer's tax liability, is not required by the United States Constitution unless the property has actually acquired a taxable situs in another state. *See Central R.R. Co. v. Pennsylvania*, 370 U.S. 607, 611-12 (1962) ("[A] railroad or other taxpayer owning rolling stock cannot avoid the imposition of its domicile's property tax on the full value of its assets merely by proving that some determinable fraction of its property was absent from the State for part of the tax year. This Court has consistently held that the State of domicile retains jurisdiction to tax tangible personal property which has 'not acquired an actual situs elsewhere.'") (citation omitted); *see also Jet Fleet Corp. v. Dallas County Appraisal Dist.*, 773 S.W.2d 744, 748 (Tex. App.–Dallas 1989, no writ) (holding apportionment of tax liability was not required under the Due Process Clause or the Commerce Clause because taxpayer had failed to establish that property had acquired a taxable situs in another state). Thus, the United States Constitution does not require an allocation of value in every case that allocation may be required under a statute like section 21.03. Furthermore, when allocation is required by the United States Constitution, no particular formula or method need be used and great deference is accorded to the formula or method chosen. *See General Dynamics Corp. v. Sharp*, 919 S.W.2d 861, 868 (Tex. Civ. App.–Austin 1996, writ denied) ("states are entitled to great latitude in devising formulas to apportion their tax bases") (citing *Moorman Mfg. Co. v. Bair*, 437 U.S. at 274). An objecting taxpayer has the burden to demonstrate by "clear and cogent evidence" that the income attributed to the state is in fact out of all appropriate proportions to the business transacted in that state, or has led to a grossly distorted result. *See Moorman Mfg. Co. v. Bair*, 437 U.S. at 274.

Section 21.055, the provision at issue in your request, governs the allocation of value for "business aircraft." A business aircraft is an aircraft, like a corporate jet, that is used for a business purpose by the owner, *see* TEX. TAX CODE ANN. § 21.055(a) (Vernon Supp. 2000) (limiting section's applicability to aircraft used for business purpose of the owner), but, unlike a commercial aircraft, is not used to transport cargo, passengers, or equipment for others for consideration, *see id.* § 21.055(c) ("This section does not apply to a commercial aircraft as defined by Section 21.05."). If a business aircraft taxable by a taxing unit "is used continually outside this state, whether regularly or irregularly," *id.* § 21.055(a), section 21.055 requires an appraisal office to allocate to this state the

portion of the fair market value of a business aircraft that "fairly reflects its use in this state," *id.* Subsection (b) of section 21.055 provides:

> The allocable portion of the total fair market value of [a business] aircraft . . . is presumed to be the fair market value of the aircraft multiplied by a fraction, the numerator of which is the number of departures by the aircraft from a location in this state during the year preceding the tax year and the denominator of which is the total number of departures by the aircraft from all locations during the year preceding the tax year.

*Id.* § 21.055(b).

You ask about the effect of section 21.055 on the assessment of taxes in tax years 1995 through 1999. First, you ask whether section 21.055 applies to the 1999 tax year. Second, you ask whether a taxpayer may file a motion to change the appraisal roll consistent with the section 21.055 allocation formula under section 25.25(c)(3) of the Tax Code for tax years 1995 through 1998. Section 21.03 of the Tax Code, which applied in tax years 1995 through 1999, requires an appraisal office to allocate to this state a portion of the total market value of certain property, and appears to have applied to business aircraft now subject to section 21.055. *See* TEX. TAX CODE ANN. § 21.03(a) (Vernon 1992); 34 TEX. ADMIN. CODE § 9.4033(d)(1) (1999) (requiring allocation of value of property that constitutes a commercial instrument or commercial equipment, is used for a business purpose, has a taxable situs in the appraisal district, and is used continually outside Texas in interstate or foreign commerce, whether regularly or irregularly). Because appraisal offices had a duty to allocate the value of business aircraft used outside the state in tax years prior to the enactment of section 21.055, your questions go to the allocation formula to be used for business aircraft in tax years 1995 through 1999 rather than whether the value of business aircraft must be allocated in the first place.

Section 21.055 was enacted in the last legislative session by two bills, House Bill 2574, which contained an emergency clause and became effective on June 18, 1999, and House Bill 3549, which became effective on September 1, 1999.[3] Neither bill contained any language specifying the tax years to which section 21.055 would apply.[4] However, because section 21.055 became effective on June 18, 1999, we believe that as of that date appraisal offices were obligated to follow section 21.055 in allocating the total fair market value of business aircraft for tax year 1999. Although ad valorem taxes are imposed as of January 1, the amount of taxes assessed is not determined until later

---

[3]*See* House Bill 2574, Act of May 26, 1999, 76th Leg., R.S., ch. 970, §§ 1, 2 (emergency clause), 1999 Tex. Gen. Laws 3720; House Bill 3549, Act of May 30, 1999, 76th Leg., R.S., ch. 1481, § 7, 1999 Tex. Gen. Laws 5097, 5098.

[4]*See id.*

in the year and tax bills need not be mailed until October 1. *See, e.g.,* TEX. TAX CODE ANN. §§ 21.02, 26.01, 26.05, 31.01 (Vernon Supp. 2000).

If an appraisal office fails to allocate the value of a qualifying business aircraft for tax year 1999 according to section 21.055, the taxpayer may petition the appraisal review board to correct the appraisal roll under section 25.25(c)(3) of the Tax Code, as construed by the court in *Himont U.S.A., Inc. v. Harris County Appraisal District*, 904 S.W.2d 740 (Tex. App.–Houston [1st Dist.] 1995, no writ).

Subsection (c) of section 25.25 provides as follows:

> At any time before the end of five years after January 1 of a tax year, the appraisal review board, on the motion of the chief appraiser or of a property owner, may direct by written order changes in the appraisal roll to correct:
>
> (1) clerical errors that affect a property owner's liability for a tax imposed in that tax year;
>
> (2) multiple appraisals of a property in that tax year; or
>
> (3) the inclusion of property that does not exist in the form or *at the location described in the appraisal roll.*

TEX. TAX CODE ANN. § 25.25(c) (Vernon Supp. 2000) (emphasis added). In *Himont*, a taxpayer filed a petition under section 25.25(c)(3) to challenge the appraisal district's refusal to account for the interstate allocation of the taxpayer's railway cars, as required under the Tax Code. *See, e.g., id.* § 21.03 (Vernon 1992); *id.* § 24.34(a) ("If the railroad operates in another state or country, the chief appraiser shall allocate to this state the proportion of the total market value of the rolling stock that fairly reflects its use in this state during the preceding tax year."). After noting that interstate allocation involves both the use and location of property, the court concluded that the portion of the taxpayer's railcars allocable to interstate commerce did not exist at the location described in the appraisal roll. The court held that the taxpayer was entitled to file a section 25.25(c)(3) petition to correct the appraisal roll on the basis that the property did not exist "at the location described in the appraisal roll," *id.* § 25.25(c)(3) (Vernon Supp. 2000), and ordered the trial court to order the appraisal review board to correct the appraisal roll to reflect the allocated value of the taxpayer's railcars. *See Himont*, 904 S.W.2d at 743-44. Although at least one court appears to have questioned the *Himont* court's construction of section 25.25(c)(3) in passing, *see Titanium Metals Corp. v. Dallas County Appraisal Dist.*, 3 S.W.3d 63, 66 (Tex. App.– Dallas 1999, no pet.), that case did not involve a petition to change an appraisal roll based upon allocation of value. Because we have no reason to question the *Himont* court's construction of section 25.25(c)(3) for purposes of petitions

to correct appraisal rolls based on allocation of value, we conclude that a taxpayer would be entitled to file a section 25.25(c)(3) petition to correct a 1999 appraisal roll to reflect only that portion of the value of a business aircraft allocable to this state under section 21.055.

You also ask about the application of section 21.055 to tax years 1995 through 1998. We conclude that section 21.055 does not apply to prior tax years. In this state, in the absence of an express statement of legislative intent, statutes are generally presumed to operate prospectively. *See* TEX. GOV'T CODE ANN. § 311.022 (Vernon 1998) ("A statute is presumed to be prospective in its operation unless expressly made retrospective."). Although one of the two bills enacting section 21.055 contained an emergency clause and became immediately effective, neither bill specified that it should be applied retroactively to prior tax years. *See* note 3 *supra*; *see also Houston Indep. Sch. Dist. v. Houston Chronicle Publ'g Co.*, 798 S.W.2d 580, 587 (Tex. App.–Houston [1st Dist.] 1990, writ denied) ("an emergency clause [coupled with no express provision regarding retroactivity] tends to suggest that the legislature did not intend the bill to affect matters determined before [statute's effective date]. The legislature's sole enacted pronouncement on the effective date of the bill is the emergency 'effective immediately' clause; if the legislature believed the provision could be applied retroactively, there would be no reason to make it effective immediately."). Although procedural and remedial legislation may apply retrospectively, *see Brooks v. Texas Employers Ins. Ass'n*, 358 S.W.2d 412, 415-16 (Tex. Civ. App.–Houston 1962, writ ref'd n.r.e.); *see also Daniel v. Daniel*, 779 S.W.2d 110, 113 (Tex. App.–Houston [14th Dist.] 1989, no writ), we believe that section 21.055, because it prescribes a method to allocate value, which in some cases is required by the United States Constitution, and affects the amount of taxes owed by a taxpayer, is a substantive rather than a procedural or remedial statute, *see Brooks,* 358 S.W.2d at 414 ("Substantive law, as constitutionally, legislatively, and judicially recognized, includes those rules and principles which fix and declare the primary rights of individuals as respects their persons and their property . . . ."); *see also Reames v. Police Officers' Pension Bd. of Houston*, 928 S.W.2d 628, 631 (Tex. App.–Houston [14th Dist.] 1996, no writ) (concluding that amendments to statute that fixed amount of pension were substantive rather than procedural or remedial).

We also note that the United States Constitution does not require the retroactive application of section 21.055. If an allocation of value is required by the United States Constitution, it must be a "fair apportionment," but states are given great latitude in devising allocation formulas. *See* discussion *supra* page 3. Although the allocation formula set forth in section 21.055, like the formula set forth in 21.05, clearly reflects the legislature's attempt to satisfy federal constitutional requirements, the section 21.055 formula is not the only allocation formula for business aircraft that would satisfy the United States Constitution. Because section 21.03 required appraisal offices to allocate the value of business aircraft in tax years 1995 through 1998, it is not necessary to apply section 21.055 retroactively to protect taxpayers' rights under the United States Constitution.

Finally, it has been suggested that section 21.055 may apply to tax years prior to 1999 through the operation of section 25.25(c)(3). We disagree. Section 25.25(c) permits a taxpayer to

petition to change an appraisal roll to correct errors based only on facts in existence, and law in effect, during the tax year at issue and does not permit a taxpayer to petition to change an appraisal roll based on subsequently effective law.

First, we note the purpose of a section 25.25(c) petition is "to correct" an appraisal roll. *See* TEX. TAX. CODE ANN. § 25.25(c) (Vernon Supp. 2000). While the statute does not define "correct," its ordinary meaning, which we are required by the Code Construction Act to use, *see* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."), necessarily involves the notion of error. *See* III OXFORD ENGLISH DICTIONARY 961 (2d ed. 1989) (defining "correct" as "1. To set right, amend (a thing); to substitute what is right for the errors or faults in . . . . 2. To set right, rectify, amend (an error or fault)."). Section 25.25(c) sets out, in short, a procedure to correct errors. The correctness of an appraisal roll must be judged according to the facts in existence and the law in effect in the relevant tax year. An item on an appraisal roll correctly reflecting then existing facts and based on law then in effect cannot be said to be in error.

Furthermore, that section 25.25(c) permits a taxpayer to petition to change an appraisal roll to correct errors based only on facts in existence and law in effect in the tax year at issue is explicit in subsections (c)(1) and (2), which include the phrase "in that tax year." *See* TEX. TAX CODE ANN. § 25.25(c)(1), (2) (Vernon Supp. 2000) (permitting petition to correct appraisal roll based on clerical error or multiple appraisals "in that tax year"). The absence of the phrase in subsection (c)(3), which permits a petition to change an appraisal roll to correct "the inclusion of property that does not exist in the form or at the location described in the appraisal roll," *id.* § 25.25(c)(3), is not significant, however. Subsections (c)(1) and (2) date from 1979,[5] and the language "in that year" was added to the end of each subsection in 1989, when subsection (c) was amended to permit a property owner to petition for a change in the appraisal roll "[a]t any time before the end of three years after January 1 of a tax year."[6] Subsection (c)(3) was added to section 25.25 in 1989 by another bill, which made no reference to the changes made by the bill amending subsections (c)(1) and (2).[7] The bill analysis for the 1989 legislation adding subsection (c)(3) states:

> At this time there is no clear authority for an appraisal review board to remove nonexistent property from the tax roll. Nonexistent property includes the property of businesses which have gone out of business prior to the beginning of the tax year and property

---

[5]*See* Act of May 26, 1979, 66th Leg., R.S., ch. 841, § 1, sec. 25.25, 1979 Tex. Gen. Laws 2247, 2276.

[6]*See* Act of May 28, 1989, 71st Leg., R.S., ch. 796, § 28, sec. 25.25, 1989 Tex. Gen. Laws 3591, 3599-600.

[7]*See* Act of May 22, 1989, 71st Leg., R.S., ch. 829, § 1, 1989 Tex. Gen. Laws 3787.

> improvements which were either demolished or moved before the
> beginning of the tax year.

SENATE FINANCE COMM., BILL ANALYSIS, Tex. S.B. 379, 71st Leg., R.S. (1989). We believe it is clear from this legislative history that the legislature intended subsection (c)(3), like subsections (c)(1) and (2), to permit a taxpayer to petition to change an appraisal roll to correct an error based on facts in existence and law in effect in the tax year at issue.

Our construction of section 25.25(c) not to permit a taxpayer to petition to change an appraisal roll based on subsequently effective law is entirely consistent with *Himont*. That case involved a petition to correct an appraisal roll based on facts in existence and law in effect in the tax year at issue; it did not involve a petition based on a subsequent change in the law. In short, *Himont* does not support the contention that section 25.25(c)(3) permits changes based on a subsequently effective statute. Of course *Himont* would support a section 25.25(c)(3) petition to change an appraisal roll in a prior tax year based on an appraisal office's failure to allocate the value of a business aircraft under section 21.03.

## S U M M A R Y

Section 21.055 of the Tax Code, which became effective June 18, 1999, applies to the taxation of business aircraft in the 1999 tax year, but not in tax years 1995 through 1998.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee